(40 Misc. Rep. 559.)

GREEN v. SUTHERLAND et al.

(Supreme Court, Trial Term, New York County. May, 1903.)

1. SAVINGS BANK—DEPOSIT IN TRUST.

An aged depositor in a savings bank, who was confined to her bed for many months, needed some of her deposit. The bank and the daughters of the depositor agreed that the account should be changed on the books of the bank so as to run in trust for one of the daughters. Held, in an action by the executor of the depositor against the bank and the daughter in whose name the deposit was put, that the mother did not intend to create a beneficial interest for her in the money, and that it belonged to the executor as such.

Action by William Green, executor of Maria Wildbret, against Sophie Sutherland and the Bowery Savings Bank, to have certain money deposited with the Savings Bank declared the property of plaintiff. Judgment for plaintiff.

H. A. & C. E. Heydt (Herman A. Heydt, of counsel), for plaintiff. Allan Lee Smidt, for defendants.

BLANCHARD, J. This action is brought to have a certain account now existing with the Bowery Savings Bank in the name of "Maria Wildbret in trust for Sophie Sutherland, daughter," declared the property of the plaintiff, the executor of the estate of Maria Wildbret; said Maria Wildbret having died since the account was opened in its present form. The only evidence offered at the trial was that produced by the plaintiff. The defendant did not take the stand, nor was any evidence offered in contradiction of that which the plaintiff produced. It appears that Maria Wildbret, an old lady, 83 years of age, met with an accident, which necessarily confined her to her bed for many months. She desired to draw some money from her account with the Bowery Bank, and that institution sent its representative to the house where Maria Wildbret was confined. It appears that a con-

versation occurred at that time between Mrs. Green and Mrs. Sutherland, two of the daughters of Mrs. Wildbret, and the representative of the bank, whereby it was arranged between them that the account which then stood in the name of Maria Wildbret should be changed to the form in which it now stands, as before stated. This conversation, it would seem, was not heard by Mrs. Wildbret. Mrs. Green, who secured the transfer, and had the necessary paper signed to effect the change, says she told her mother that, in case she (her mother) wanted more money, "Sophie [Mrs. Sutherland] could go and get it." I am satisfied from the evidence that there was no intention to establish any beneficial interest in the defendant in the fund in question. As stated in the opinion of Justice O'Brien in the case of Farleigh v. Cadman, 159 N. Y. 169, 173, 53 N. E. 808, 809, which is cited by defendant in support of her position, "A gift, whether in the form of a trust or otherwise, always involves the intention of the donor," and so here I conclude that there was no valid gift to the defendant. It follows that there should be judgment for the plaintiff.

Judgment for plaintiff.