### In Equity.

JAMES H. FITZSIMMONS et als.

*vs.*

ISABELLE C. HARMON, Executrix, et als.

Cumberland.    Opinion November 27, 1911.

*Wills.   Construction.   Trusts.   Resulting Trusts.   Revised Statutes, chapter 76, section 1.*

A letter or other document containing explicit directions for the disposition of property cannot become part of a will by reference, unless it be shown to have been in existence at the time the will is executed, and be so clearly and precisely described and referred to in the will as an existing document as to be readily identified as the particular paper intended by the testator.

Among the essentials of a valid trust are that the precise nature of the trust which the donor intended to create should appear, and that the particular persons who are to take as cestuis que trust, and the proportions in which they are to take, should be pointed out. If they are not, then the trust cannot be executed, and it must fail.

Where the character of a trust is impressed upon the gift, and it fails, because ineffectually declared, and the cestuis que trust are not clearly designated, the trustee is not entitled to the gift for his own benefit.

A testator made a will reading as follows:

"I Elizabeth Doherty, being in my right mind at this date (October 13th, 1909,) wishing to dispose of property now in my name, give, devise and bequeath my property of whatever kind to Isabelle C. Harmon to divide as seems to her best as I have told her my wishes in the matter, mentioning all relatives including my nephews.

"I name Isabelle C. Harmon as my executor."

*Held:*   1.   That while the language of the will clearly manifests an intention to create a trust, yet the terms of the bequest do not declare a trust sufficiently definite to be executed.

2.   That there is a resulting trust in favor of the heirs at law, and that the estate should be divided among them after the payment of debts and expenses of administration.

In equity.   On report.   Decree according to opinion.

Bill in equity brought by "James H. Fitzsimmons, Patrick E. Fitzsimmons and Thomas Fitzsimmons, all of Portland, in said County of Cumberland," and "against Isabelle C. Harmon, Executrix of the Last Will and Testament of Elizabeth Doherty, late of said Portland, deceased, Joseph Fitzsimmons, John Fitzsimmons, Peter Fitzsimmons, Theresa Fitzsimmons and Kate Fitzsimmons, all of said Portland, and all other heirs at law of Elizabeth Doherty, whose names are to your plaintiffs unknown," asking the court to construe and interpret the provisions of the last will and testament of the aforesaid Elizabeth Doherty.   The defendant Harmon filed an answer admitting the allegations in the bill and joined in the prayer for a construction of the will.   Heard on bill, answer and evidence and at the conclusion of the testimony the case was reported to the Law Court for determination.

The pith of the case is stated in the opinion.

*Connellan & Connellan, Joseph B. Reed, and John B. Kehoe,* for plaintiffs.

*Reynolds & Sanborn, and Charles H. Johnston,* for Isabelle C. Harmon.

*Michael T. O'Brien,* for Theresa Fitzsimmons.

SITTING : WHITEHOUSE, C. J., SAVAGE, CORNISH, BIRD, HALEY, JJ.

WHITEHOUSE, C. J.   Elizabeth Doherty of Portland died on the eighteenth day of October, 1909, leaving a will which reads as follows :

"I, Elizabeth Doherty, being in my right mind at this date (October 13th 1909) wishing to dispose of property now in my name, give, devise and bequeathe my property of whatever kind to Isabelle C. Harmon to divide as seems to her best as I have told her my wishes in the matter, mentioning all relatives including my nephews.

I name Isabelle C. Harmon as my executor."

In this bill in equity, brought by some of the heirs of the testatrix, the plaintiffs ask the court to construe and interpret the provisions

of this will, and particularly to determine, first, whether the legatee and executrix therein named, takes any beneficial interest under it, second, if the legatee named takes no beneficial interest, whether the will declares a trust sufficiently definite to be executed, and third, if no such trust is declared, to whom shall the residue of the estate, after the payment of all debts and expenses of administration be distributed.

In her answer, Mrs. Isabelle C. Harmon, named as defendant in the bill, joins in the prayer of the plaintiffs for a judicial construction of the will.

The plaintiffs contend, first, that under the terms of the will, Mrs. Harmon, the legatee, and executrix therein named, takes no beneficial interest; second, that while the terms of the will clearly manifest an intention on the part of the testatrix to create a trust, the trust thereby indicated is not made sufficiently definite to be executed, and third, that there is a resulting trust in favor of the heirs at law of the testatrix, and that the estate should be divided among them.

The privilege of making a disposition of property by will is created, and the exercise of it definitely regulated by the statutes of this State. The leading provision is found in section one of chapter 76, R. S., and is as follows :

"A person of sound mind and of the age of twenty one years may dispose of his real and personal estate by will, in writing, signed by him or by some person for him at his request, and in his presence, and subscribed in his presence by three credible attesting witnesses, not beneficially interested under said will."

The statute thus clearly prescribes the method of transmitting property by will, which the court is not at liberty to ignore, although in particular instances the actual intention and desire of a person respecting the disposition of his property may be defeated by adhering to the rule prescribed. A bequest of personal property as well as a devise of real estate in order to be effectual is required to be made by an instrument in writing signed by the testator and subscribed by three attesting witnesses. Even a letter or other document containing explicit directions for the disposition of property

cannot become part of a will by reference, unless it be shown to have been in existence at the time the will is executed, and be so clearly and precisely described and referred to in the will as an existing document as to be readily identified as the particular paper intended by the testator. *Bryan's Appeal*, 77 Conn. 240, and cases cited.

In the case at bar it has been seen that the only wishes expressed for the guidance of the legatee in the distribution of the property had been given orally and they were not incorporated in the will. The language of the testatrix is: "I give, devise and bequeath my property of whatever kind to Isabelle C. Harmon to divide as seems to her best, as I have told her my wishes in the matter."

1. The phraseology employed in making this bequest to Mrs. Harmon utterly fails to disclose any purpose on the part of the testatrix to make an absolute gift of the property to Mrs. Harmon for her personal benefit. It is not given to her to consume, but to "divide." It expressly requires her to "divide" all the property thus bequeathed to her. The fact of the division is not left to her discretion, but imposed upon her as a duty. It gives her discretionary authority only respecting the manner of the division, having regard to the wishes orally expressed by the testatrix.

2. On the other hand it is equally clear that the terms of the bequest do manifest an intention on the part of the testatrix to create a trust.

But the trust declared by the terms of the will is too indefinite and uncertain to be executed. "Among the essentials of a valid trust are, that the precise nature of the trust which the donor intended to create should appear, and that the particular persons who are to take as cestuis que trust, and the proportions in which they are to take, should be pointed out. If they are not, then the trust cannot be executed, and it must fail. Where the character of a trust is impressed upon the gift, and it fails, because ineffectually declared, and the cestuis que trust are not clearly designated, the trustee is not entitled to the gift for his own benefit. It was said by Lord Eldon, in *Morice* v. *Bishop*, of Durham, 10 Ves. 521, 537, that, "though the trust is not declared, or is ineffectually

declared, or becomes incapable of taking effect, the party taking shall be a trustee; if not for those who were to take by the will, for those who take under the disposition of the law." *Briggs* v. *Penny*, 3 Macn. & Gord. 546; *Warner* v. *Bates*, 98 Mass. 274; *Hess* v. *Singler*, 114 Mass. 56, 1 Perry on Trusts, 83, (5th ed.) 46; *Sheedy* v. *Roach*, 124 Mass. 472.

In *Nichols* v. *Allen*, 130 Mass. 212, the court said: "Two general rules are well settled; 1st. When a gift or bequest is made in terms clearly manifesting an intention that it shall be taken in trust, and the trust is not sufficiently defined to be carried into effect, the donee or legatee takes the legal title only, and a trust results by implication of law to the donor and his representatives, or to the testator's residuary legatees or next of kin." *Briggs* v. *Penny*, 3 De G. & Sm. 525, and 3 Macn. & Gord. 546. *Thayer* v. *Wellington*, 9 Allen, 283.

But *Oliffe* v. *Wells*, 130 Mass. 221, is a case strikingly analogous to the one at bar. In that case the bequest submitted to the court for construction was as follows: "To the Rev. Eleazer M. P. Wells, all the rest and residue of my estate, to distribute the same in such manner as in his discretion shall appear best calculated to carry out the wishes which I have expressed to him or may express to him." In the opinion the court says: "The will declares a trust too indefinite to be carried out, and the next of kin of the testatrix must take by way of resulting trust, unless the facts agreed show such a trust for the benefit of others as the court can execute. *Nichols* v. *Allen*, ante, 211. No other written instrument was signed by the testatrix, and made part of the will by reference, as in *Newton* v. *Seaman's Friend Society*, ante, 91. . . . . . The will upon its face showing that the devisee takes the legal title only and not the beneficial interest, and the trust not being sufficiently defined by the will to take effect, the equitable interest goes, by way of resulting trust, to the heirs or next of kin, as property of the deceased, not disposed of by his will. *Sears* v. *Hardy*, 120 Mass. 524, 541, 542. They cannot be deprived of that equitable interest which accrues to them directly from the deceased, by any conduct of the devisee; nor by any intention of the deceased, unless

signified in those forms which the law makes essential to every testamentary disposition. A trust not sufficiently declared on the face of the will cannot therefore be set up by extrinsic evidence to defeat the rights of the heirs at law or next of kin. See Lewin on Trusts, (3d ed.) 75." See also *Minot* v. *Attorney General*, 189 Mass. 176.

In the case at bar Mrs. Isabelle C. Harmon, the legatee and executrix who wrote the will herself at the request of Mrs. Doherty, who signed it, was permitted to state in her testimony that she did not intend to use a dollar of the estate for her own benefit, and that in writing the will she "intended to so word it that she would not keep a dollar of it." It is not in question that in attempting to administer the trust she has adhered to that intention with scrupulous fidelity. But while the language of the will clearly manifests an intention to create a trust, it is the opinion of the court, that for reasons above stated, under the salutary and time honored rules governing the creation and execution of trusts, the terms of this bequest do not declare a trust sufficiently definite to be executed ; that there is a resulting trust in favor of the heirs at law, and that the estate should be divided among them after the payment of debts and expenses of administration.

> *Bill sustained with one bill of costs for plaintiffs and one bill of costs for the defendants. Reasonable counsel fees shall also be allowed by the sitting Justice to attorneys on both sides, to be paid from the estate and allowed to the executrix in her account.*
>
> *Decree accordingly.*