## SIBENALER et al. v. WEIDERHOLT.

No. 5565. Opinion Filed December 7, 1915.

(153 Pac. 683.)

GIFTS—Trusts—Indefinite Trust—Validity—Intent. K. executed to W. an instrument in writing which stated that she had that day given to W. all her personad property, consisting of money, notes, and anything else that she called her own, and empowered W. to recover same, in whosesoever hands same or any part thereof might be found; said W. to dispose of said property according to her secret instructions, but to render no account to anybody of those instructions, or the property he was to dispose of, or the manner of said disposition. **Held,** that said instrument did not constitute a gift of the property described in said instrument to W., and did not vest in him title to said property, but is an attempt of K. to create a trust in W., which must fail, by reason of being too indefinite to be executed.

(Syllabus by Collier, C.)

*Error from District Court, Oklahoma County; Geo. W. Clark, Judge.*

Action by George Weiderholt against Frank Sibenaler, administrator of the estate of Dorothy King, and another. Judgment for plaintiff, and defendants bring

error.   Reversed and remanded, with directions to dismiss.

*E. G. Wilson*, for plaintiffs in error.

*Mont F. Highley*, for defendant in error.

Opinion by COLLIER, C.   On the 22d day of November, 1910, Dorothy King executed an instrument in writing to George Weiderholt as follows:

"Know all men by these presents, that I, the undersigned, Dorothy King, alias Dorothea Koenig, of Jefferson township, Nodaway county, State of Missouri, have this day given all my personal property, consisting of money, notes, and anything else that I call my own, to my son-in-law, George Weiderholt, of the county of Nodaway and State of Missouri, and that I have him fully empowered, and hereby do him empower, to recover the said property from any persons whatsoever, in whose hands the same, or a portion of the same, may be found; the said George Weiderholt to dispose of the said property according to my secret instructions, but to render no account to anybody of these instructions or of the property he is to dispose of, nor of the manner of the said disposition.

"In witness whereof, I have hereunto set my hand, in presence of the witnesses named below, this 22nd day of November, 1910.                              her

    "[Signed]              DOROTHY X KING.

                                      mark

"Signed and delivered in our presence:

    "[Signed]              JOHN F. WONDERLY,

                          "J. B. SAPP.

"STATE OF MISSOURI, COUNTY OF NODAWAY—SS.:

"Signed and delivered before me, the undersigned, a notary public within and for the county of Nodaway,

and State of Missouri, and declared by the said Dorothy King, alias Dorothea Koenig, to be her free will and act, this 22d day of November, 1910.   My term as notary public expires February 5, 1913.

"[Signed]      E. R. SELMID, *Notary Public.*
"[Seal.]"

On the 15th day of December, 1910, said Dorothy King departed this life, and in due course Frank Sibenaler was appointed and qualified as administrator of the estate of Dorothy King, deceased.  On the 14th day of July, 1911, said George Weiderholt, hereinafter called plaintiff, brought an action against Frank Sibenaler and R. R. Brandt, hereinafter called defendants, based upon the instrument of writing made by said Dorothy King, alias Dorothea Koenig, to him, hereinbefore set out, and averred, for cause of action against the defendants, that the said Dorothy King, or Dorothea Koenig, made and executed to him (plaintiff) the instrument hereinbefore set out; that prior to the 31st day of March, 1910, the said Dorothy King, or Dorothea Koenig, owned certain property, and that she did, on that date, sell and convey the same to the said R. R. Brandt, for an agreed consideration of $1,662, payable monthly at the rate of $20 per month; that there had been paid to said Dorothy King upon said contract the sum of $234, leaving a balance due thereon of $1,428 and interest; that said defendant Frank Sibenaler, as administrator of the estate of said Dorothy King, is claiming a right to receive from defendant Brandt the sum of money due by him under said contract of sale, made by Dorothy King to him, and to receive such other choses in action, credits, and other properties, as the said Dorothy King, or Dorothea Koenig, owned at the time of the execution by her to

said plaintiff of the instrument hereinbefore set out, and has instructed the said Brandt and other creditors to refuse to pay to plaintiff the sums of mony due him or to deliver to him the property conveyed to him by the said Dorothy King, or Dorothea Koenig.

After a motion to make the petition more definite and certain had been in part sustained and in part overruled, plaintiff failing to make the petition more definite and certain, as required by the court, defendants demurred to the petition, upon the ground that same did not state a cause of action, and that the court was without jurisdiction of the subject-matter of the action, which demurrer was overruled, and exceptions saved. From the view we take of this case, it is unnecessary to state any of the proceedings had in the trial thereof, except the pleadings hereinbefore set out. The case was tried to the court, and resulted in a judgment for plaintiff in the sum of $202, with interest and costs, quieting title to all of said property in said George Weiderholt, to which defendants duly excepted. To reverse said judgment this appeal is prosecuted.

The instrument executed to plaintiff by deceased does not constitute a gift *inter vivos,* as the phraseology utterly fails to disclose any purpose on the part of Dorothy King to make an absolute gift of her property to the plaintiff for his personal benefit. *Fitzsimmons v. Harmon,* 108 Me. 456, 81 Atl. 667. A gift, whether in the form of a trust or otherwise, always involves the intention of the donor. *Farleigh v. Cadman,* 159 N. Y. 169, 53 N. E. 808; *Green v. Sutherland,* 40 Misc. Rep. 559, 82 N. Y. Supp. 878. To constitute a gift, there must be a purpose to give, expressed in words or signs. *Appeal of Walsh,* 122 Pa.

177, 15 Atl. 470, 9 Am. St. Rep. 83, 1 L. R. A. 535; *Flanagan v. Nash,* 185 Pa. 41, 39 Atl. 818.

The most forcible construction that can be given to the instrument executed by Dorothy King to the plaintiff is that it was an attempt to create a trust; but the instrument is so indefinite and uncertain that it cannot be executed. In *Fitzsimmons v. Harmon, supra,* it is said:

"Where the character of a trust is impressed upon the gift, and it fails, because ineffectually declared, and the *cestuis que trust* are not clearly designated, the trustee is not entitled to the gift for his own benefit."

See, also, *Ingram v. Fraley,* 92 Ga. 553; *Condit v. Reynolds,* 66 N. J. Law, 242, 49 Atl. 540.

In *Sims v. Sims,* 94 Va. 580, 27 S. E. 436, 64 Am. St. Rep. 772, where the testator gave a share of his estate to a nephew, "to be disposed of by him as a private trust, about which I shall give him specific verbal directions, having full confidence in his honesty to carry out my wishes in regard to this bequest," it was held that the will on its face showed plainly and unequivocally that the bequest to the nephew was a gift to him upon trust, in which he was not to take any beneficial interest.

In *Gross v. Moore,* 68 Hun, 412, 22 N. Y. Supp. 1019, affirmed on opinion of the court below in 141 N. Y. 559, 36 N. E. 343, it was held that under the following testamentary provision, "I give, devise and bequeath unto my executor hereinafter named all the rest, remainder and residue of my personal estate, to be distributed by him according to instructions given to him by me," the executor did not take an absolute interest for his own use personally, but took upon a trust which was void for uncertainty.

In *Ellis v. Selby,* 1 Myl. & C. 286, a testator directed that his trustees should retain to themselves what should remain from the proceeds of the sale of his freehold property, after payment of legacies, upon trust to pay, apply, and distribute the same to and for such charitable or other purposes as they should think fit, without being answerable or accountable for the disposition thereof, and it was held that the executors were not absolutely entitled to the property, as the direction that they should not be held answerable or accountable would be superfluous, had it been his intention to give them the property absolutely.

In *Fenton v. Nevin,* Ir. L. R. 31 Eq. 478, where the testator, after making various legacies and directing his property to be sold, added, "I will my executors shall apply the overplus, if any, as they think fit," it was held that, there being no direct gift, and the legacy being to the executors as such, they did not take beneficially, but upon a trust, too indefinite to be carried into effect.

*Minot v. Atty. Gen.,* 189 Mass. 176, 75 N. E. 149, involved the interpretation of the following provision:

"I give and devise to my executors and the survivor of them, or whomsoever shall lawfully have the execution of this my will, all the residue and remainder of my property and estate, to be distributed by them to charitable or worthy objects, or such as I may designate during my lifetime. * * * But my said executors or executor shall have full discretion in the matter of the distribution of said residue, and shall not be under any legal accountability or subject to any trust, or be liable to any person or corporation by reason of any memorandum which I may leave."

It was held that it was the intention of the testator to create a trust in some form, and not to make a limited bequest to his executors.

It follows that the trial court erred in overruling the demurrer to the petition, and this cause should be reversed and remanded, with instructions to dismiss the cause, with prejudice.

By the Court: It is so ordered.