### SERAN v. DAVIS, Ex'x.

No. 24027.   June 25, 1935.

Rehearing Denied Nov. 5, 1935.

Logan Stephenson, Ethel M. Proffitt, Leon C. Phillips, and Jas. M. Shackelford, for plaintiffs in error.

Martin L. Frerichs and E. Huser, for defendants in error.

Clarence W. Hunter, Special Master.

PER CURIAM. Eunice Davis, as executrix of the last will and testament of William H. Davis, deceased, brought an action in the district court of Okfuskee county against C. M. Seran to recover the sum of $1,000, alleged to have been collected by C. M. Seran upon a policy of insurance upon the life of William H. Davis. The trial court rendered judgment in favor of the plaintiff and against the defendant, C. M. Seran, for the sum of $1,000, with interest thereon at the rate of 6 per cent. per annum from July 29, 1930, and costs of the action. Motion for new trial was overruled on March 7, 1932, and defendant has appealed. The parties will be referred to as they appeared in the trial court.

This action was filed on March 25, 1931, plaintiff's petition alleging that she is the duly appointed, qualified, and acting executrix of the last will and testament of William H. Davis, who departed this life on the 14th day of July, 1930, a resident of Okfuskee county, Okla.; that at the time of his death, the said William H. Davis was the holder and owner of and insured in a certain policy of life insurance issued to him by an insurance company on July 9, 1916, and that on or about October 4, 1927, the said Davis procured the naming of the defendant as beneficiary of said policy under the name of C. M. Seran, trustee; that said policy was for the sum of $1,000, conditioned to be paid upon the death of the said Davis; that after the death of the said Davis, the said defendant collected the sum of $1,000 upon said policy, and now holds the same; a copy of the policy, together with the change in beneficiary and the receipt of the defendant, is attached to the petition; that no cestui que trust or beneficiary was appointed by the said Davis to receive said

money, either in writing or otherwise, and that said designation of the defendant was in the nature of a dry trust, with no beneficiary or cestui que trust named or capable of ascertainment; that the naming of the defendant as trustee was in truth and in fact a naming of said beneficiary as trustee for the said Davis, his heirs and assigns, and was an attempted testamentary disposition of said sum; that said defendant was and is in fact trustee for the use and benefit of the estate of the said Davis, and that the plaintiff is, in law, entitled to, and it becomes her duty to collect, said sum of money and disburse the same according to the law and terms of the will of the said Davis; that demand has been made upon the defendant for payment of said money and payment has been refused.

A demurrer to the petition was overruled, and exception taken.

An answer was filed by defendant denying all allegations of petition not expressly admitted; admits death of Davis, and appointment of plaintiff as executrix; admits Davis was carrying insurance policy, and that Davis caused the defendant to be named as beneficiary therein, and that he was described therein as trustee and that he collected the amount referred to; admits that no cestui que trust or beneficiary was appointed or named by Davis in writing other than that said defendant was so named as beneficiary; denies that he was named beneficiary as trustee for Davis or his heirs and assigns generally; denies that it was an attempted testamentary disposition of such insurance; denies that the moneys collected belong to and are assets to which plaintiff is entitled, or which belong to the estate of Davis, for the purpose of paying debts or for the purpose of discharging legacies named in the will of Davis; denies that the plaintiff has the duty of collecting said money or the right to have the same disbursed according to law or the will; alleges by way of affirmative defense that prior to October 4, 1927, the date beneficiary was changed, Davis and Lois Davis, his wife, were not living together; that for years he and Davis had been intimate friends, and on many occasions defendant had extended credit to Davis; that on date of the change of beneficiary Davis was not in good health or in affluent financial circumstances, and expected defendant to continue to extend Davis credit; that Davis did not want his wife, Lois, to have any benefit from said policy and at that time wanted to carry the insurance for the benefit of the defendant by way of rewarding him for the many kindnesses done and to be done, and, for that reason, desired to change beneficiaries so as to make it certain that this defendant would have the benefit of the insurance; that at the time of the change of beneficiary, Davis had, as a member of his family, a daughter who was weak-minded and helpless; and the said Davis had commended her to the care of the defendant, and expressed to the defendant the hope that, by reason of their friendship, defendant would never permit his daughter to suffer in case of his death; that if the word "trustee" written after the name of the defendant in the change of beneficiary means anything, it is as trustee for the said feeble-minded daughter of Davis; that defendant had no insurable interest in the life of Davis, but to carry out the purpose of Davis it was necessary that defendant should appear in some relationship to the insured that would permit defendant to appear as beneficiary in the policy, and such was the reason for writing into the change of beneficiary after the name of defendant the words, "my trustee"; and was purely a matter of form to induce the insurance company to approve such change of beneficiary; and it was never the purpose and intention of the insured, Davis, to name this defendant as the beneficiary to carry the insurance for the benefit of the insured or for the benefit of his estate or for the benefit of any of his heirs, other than the insured's mentally defective daughter, and prays that the plaintiff take nothing.

A jury was called, but at the conclusion of the testimony the case was withdrawn from the jury and the jury discharged, and the matter submitted to the court.

T. Elliott, called as a witness on behalf of the plaintiff, on direct examination testified, in substance: That during September, 1927, and thereafter, he was cashier of the bank at Castle and knew William H. Davis in his lifetime, and was acquainted with the defendant, Seran; that at the time he had a conversation with Davis with regard to changing the beneficiary on the life insurance policy in question; that Davis had spoken about the policy several times, and that he (Davis) had told him he owed Seran and wanted to make this policy to Seran in order to protect him in what he owed Seran, and wanted Seran to pay his debts off; that he wanted his obligations paid, "and whatever was left Seran was to apply

the proceeds." That Davis did not say anything to witness about to whom the proceeds were to be applied; that Davis did not say anything about who the particular person was as to who was to get the benefit of the policy.

The plaintiff offered in evidence certain correspondence, after which the witness was asked the question:

"Q. Was ever any question raised as to whether the beneficiary had to be trustee other than in these letters? A. Yes, sir. I can tell exactly how that happened; Doctor Davis had two in the Modern Woodmen of America which he tried to change several times. Mr. Gus Stevens was secretary and lived in Okemah and he couldn't get the insurance company to make the change, and when they came in to get the beneficiary changed to Mr. Seran, Mr. Seran raised the question if the insurance company would allow that. Mr. Seran and Doctor Davis both knew about this trouble with the Modern Woodman. I told Mr. Seran if he would put in the word 'trustee' that the company would approve it. I don't remember having any correspondence with the company about it."

Upon cross examination, witness Elliott testified, in substance: That from witness' conversation with Davis, he (Davis) wanted Seran to be the beneficiary; that the word "trustee" was suggested by witness; that witness suggested the word "trustee" when Seran and witness had the conversation about it; that witness did not remember that he said anything to Davis about that; that witness suggested that it be put in; that witness did not remember any suggestion made by Davis if there was any remainder to let it go to his present wife or any future wife; that at the time the plaintiff was not the wife of Davis.

Upon redirect examination, witness testified, in substance: That it was made to secure his debts first; that Davis never made any statement to witness as to whom the overplus was to be paid; that if he did, he did not remember it.

Upon recross-examination, witness testified, in substance: That Davis wanted Seran to be the beneficiary in the policy; that Davis told witness he wanted to change beneficiary to Seran; that this "trustee" was witness' suggestion, and that Davis did not make the suggestion that the word "trustee" be added; that witness did that because Davis could not change his Modern Woodman policy to the woman that was living with him at that time.

The defendant, Seran, testifying in his own behalf, upon direct examination, testified substantially as follows: That witness was named trustee in the policy; that he knew why the word "trustee" was put in the policy; that he knew who suggested that the word "trustee" be put in the policy; that it was Elliott and himself.

The change of beneficiary reads in part as follows:

"I, William H. Davis, the within insured in Policy No. 116173 with the approval of the Kansas City Life Insurance Co., hereby change the beneficiary of my said policy from Lorine M. Davis my wife to Claud M. Seran my trustee."

Defendant, in his brief, presents two propositions: (1) The demurrer to the petition should have been sustained; and (2) the judgment of the court is not supported by the evidence and is contrary to the evidence.

We do not agree with defendant's contentions, and hold: (1) That the demurrer to the petition was properly overruled; and (2) that the judgment of the trial court is supported by the evidence and is not contrary to the evidence.

From the testimony and the change of beneficiary attached to the policy, it must be held that said instrument did not constitute a gift of the proceeds of the policy to Seran and did not vest in him a beneficial title to the same, but it was an attempt of Davis to create a trust in Seran, which must fail by reason of being too indefinite to be executed. Notwithstanding Elliott testified that Davis had nothing to do with the using of the word "trustee", yet it appears from such testimony that Davis wanted to protect Seran and wanted Seran to pay off his debts and obligations, and whatever was left Seran was to "apply the proceeds," but did not say anything about to whom the proceeds were to be applied, who the beneficiaries were, or the proportion each was to receive, or the manner in which the trust was to be performed. The change of beneficiary executed by Davis utterly fails to disclose any purpose on the part of Davis to make an absolute gift of the proceeds of the policy to Seran for his personal benefit. A gift, whether in the form of a trust or otherwise, always involves the intention of the donor, and neither the wording of the change of the beneficiary nor the testimony indicates that such a gift was intended. The most forcible construction that can be given to the instrument executed by Davis to the defendant is that it was an attempt to

create a trust; but the instrument is so indefinite and uncertain, for the reasons stated, that it cannot be executed. We hold that the plaintiff has fully sustained the allegations of her petition. (Sibenaler et al. v. Weiderholt, 54 Okla. 16, 153 P. 683.)

In Fitzsimmons v. Harmon, 108 Me. 456, 81 Atl. 667, cited in Sibenaler et al. v. Weiderholt, supra, it is said:

"Where the character of a trust is impressed upon the gift, and it fails, because ineffectually declared, and the cestuis que trust are not clearly designated, the trustee is not entitled to the gift for his own benefit."

We find the following language in Pomeroy, Equity Jurisprudence (4th Ed.) vol. 3, sec. 987:

"All possible trusts, whether of real or personal property, are separated by a principal line of division into two great classes: Those created by the intentional act of some party, having dominion over the property, done with a view to the creation of a trust, which are express trusts; those created by operation of law, where the acts of the parties may have had no intentional reference to the existence of any trust,—implied, or resulting and constructive trusts."

And also the same author says (sec. 1009):

"The declaration of trust, whether written or oral, must be reasonably certain in its material terms; and this requisite of certainty includes the subject-matter or property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of the interests they are to have, and the manner in which the trust is to be performed. If the language is so vague, general or equivocal that any of these necessary elements of the trust is left in real uncertainty, then the trust must fail."

Also from the same author, it is said (sec. 1031):

"Resulting Trusts. In all species of resulting trusts, intention is an essential element, although that intention is never expressed by any words of direct creation. There must be a transfer, and equity infers the intention that the transferee was not to receive and hold the legal title as the beneficial owner, but that a trust was to arise in favor of the party whom equity would regard as the beneficial owner under the circumstances. *** Resulting trusts, therefore, are those which arise where the legal estate in property is disposed of, conveyed, or transferred; but the intent appears or is inferred from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go or be enjoyed with the legal title. In such case a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner. This person is the one from whom the consideration actually comes, or who represents or is identified in right with the consideration; the resulting trust follows or goes with the real consideration."

This last section (1031) was quoted with approval by this court in the case of Flesner v. Cooper, 39 Okla. 133, 134 P. 379. The author proceeds with the discussion, as follows:

"All true resulting trusts may be reduced to two general types: 1. Where there is a gift to A, but the intention appears from the term of the instrument that the legal and beneficial estates are to be separated, and that he is to enjoy no beneficial interest, or only a part of it. In order that a case of this kind may arise, there must be a true gift as far as the immediate transferee is concerned: the instrument must not even state a consideration, and no valid complete trust must be declared in favor of A, or of any other person. Such trusts, therefore, generally arise from wills, although they may arise from deeds. If the conveyance be by deed, the trust will result in the grantor, if it be by will, the trust will result to the testator's residuary devisees or legatees, or to his heirs or personal representatives, according to the nature of the property and of the dispositions."

The following statement of the law is set out in R. C. L. vol. 26, Trusts, sec. 60:

"Where the trusts of a conveyance or will are not declared, or are only partially declared, a resulting trust arises in favor of the donor or his heirs or next of kin as the case may be. On the same principle there is a resulting trust where a trust is attempted to be created without any beneficiary entitled to demand its enforcement, or where the trust fails for indefiniteness or uncertainty."

In Saylor v. Plaine, 31 Md. 158, 1 Am. Rep. 34, it was held that:

"When, however, the trust results by operation of law, as for instance where there is a devise or bequest to a person 'upon trust' and no trust is declared, or upon certain trusts that are too vague to be executed, or upon trusts to be thereafter declared, and no declaration is made, or upon trusts that are unlawful, in such cases a trust results to the heirs at law, or personal representatives, and extrinsic evidence will not be received. Lewin on Trusts, 183, Langham v. Sandford, 17 Ves. 442; Walton v. Walton, 14 Id. 322; Rachfield v. Carless, 2 P. Wms. 158."

The court, in Holland v. Alcock, 108 N. Y. 312, 2 A. S. R. 420, held:

"To create valid trust, defined beneficiary is essential except in the cases of 'charitable' trusts.

"Validity or invalidity of trusts cannot be dependent on the will of the trustee.

"There can be no valid trust unless it is capable of being enforced even against the wish of the trustee. A mere honorary obligation which the trustee may perform or not at his will, does not create a trust, and the legal representatives of the donor may compel the surrender of the property sought to be charged with such trust."

In the case of Clark v. Campbell, 133 Atl. 166, 45 A. L. R. 1433, the New Hampshire court, in passing upon language similar to that involved here, said (45 A. L. R. 1436):

"When the clause is elided of unnecessary verbiage the testator is made to say, 'I give my trustee my property (of the described class) in trust to make disposal of to such of my friends as they shall elect.'

"It is difficult to conceive of language more clearly disclosing an intention to create a trust. However, if the trust idea introduced by the words 'trustees' and 'in trust' were not controlling, all the evidence within the will confirms such ideas. In the first clause of the will the testator nominates three trustees and an alternate in case of vacancy. Throughout the will these nominees are repeatedly and invariably referred to as 'my trustees' whenever the testator is dealing with their trust duties. * * * The conclusion is inescapable that there was no intention to bestow any part of the property enumerated in the ninth clause upon the trustees for their own benefit."

On page 1439 of 45 A. L. R. we find this:

"Where a gift is impressed with a trust, ineffectually declared, and incapable of taking effect because of the indefiniteness of the cestui que trust, the donee will hold the property in trust for the next taker under the will or for the next of kin by way of a resulting trust. Varrell v. Wendell, 20 N. H. 431-38; Lyford v. Laconia, 75 N. H. 220, 223, 22 L. R. A. (N. S.) 1062, 139 Am. St. Rep. 680; Sheedy v. Roach, 124 Mass. 472, 476, 26 Am. Rep. 680; Nichols v. Allen, 130 Mass. 211, 212, 39 Am. Rep. 445; Blunt v. Taylor, supra; Drew v. Wakefield, 54 Me. 291, 295."

We find no error in the judgment of the trial court, and that judgment is in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys C. W. Hunter, A. E. Darnell, and Fred E. LaRue in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hunter and approved by Mr. Darnell and Mr. LaRue, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.