MALONE v. HERNDON et al.

No. 31341.   March 6, 1945.

Rehearing Denied April 16, 1946.

*168 P. 2d 272.*

P. D. Erwin, of Chandler, for plaintiff in error.

William A. Vassar and M. A. Cox, both of Chandler, for defendants in error.

OSBORN, J. The will of William Sporn has been admitted to probate (In re Sporn's Estate, 190 Okla. 149, 121 P. 2d 602), and this action was instituted in the district court of Lincoln county by plaintiff in error, hereinafter referred to as plaintiff, as a residuary legatee, against the defendants in error, hereinafter referred to as defendants, as proponents of the will and trustees, executors, and devisees under the will, to obtain a construction thereof, and to have certain trust provisions declared invalid, and to establish a constructive trust and to recover residue of estate. The trial court construed the will and held it valid, and the plaintiff brings this appeal.

The plaintiff alleges that the will is uncertain in its terms and in violation of, and contrary to, the law, as to the trust provisions, and that the provisions favorable to defendants Helen Herndon and Wayne Lee Maxwell were obtained by fraud and improper influence, and asks that the plaintiff's rights be determined and that the purported trust provisions in favor of said defendants be denied enforcement, be declared void, and the property interest covered thereby be awarded to the plaintiff and her title thereto quieted and confirmed.

The defendants filed a motion to strike that part of the petition relating to fraud and improper influence in the execution of the will, which was sustained, and then the defendants filed demurrers, which were overruled. The defendants answered, wherein they admit the execution and probate of said will, and deny the right of plaintiff to maintain this action, and specifically deny "the trust set up in said will is

28

indefinite; that the trustees are not empowered to collect and disburse rents, income and profits; that the property is not conveyed to the survivors of the trustees; that the provision for selecting successors to the trustees is illegal; that the trust provision violates the rights of the parents of Wayne Lee Maxwell; that Helen Herndon is disqualified to act as both a trustee and beneficiary; that the provisions of the will in favor of Helen Herndon are void for the purpose named in said petition and that the trust provisions relative to Wayne Lee Maxwell are uncertain or indefinite," and allege a waiver by the mother of Wayne Lee Maxwell to his custody.

The provisions of the will which are pertinent to this opinion are as follows:

". . . (3) I give and devise to the said Helen Herndon my residence now occupied by me as a home, and located upon the Southwest ¼ of Section 21, Township 17 North, Range 3 East of the Indian Meridian, in Lincoln County, State of Oklahoma, together with the garden and poultry yard, and such other ground adjacent to said residence as is necessary for the convenient use of said residence as a home, not to exceed in all 10 acres of land, to have and hold the possession, use, income and profits of the same for and during her natural life.

"(4) I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, of every kind, and wherever situated, whether vested or contingent at the time of my death, unto Helen Herndon, M. C. Sloan and A. F. Minshall, trustees, and the survivor, or survivors of them, and their successors, to have and to hold the same in trust, upon the terms and conditions, for the uses and purposes, and with the powers and duties following that is to say:

"First: To hold, possess, manage and control the said trust estate, and each and every part thereof, with full power to sell, transfer, convey, bargain and exchange, and dispose of the same, upon such terms and in such manner, and at such times, and for such prices and con-

siderations, as to my said trustees, shall seem meet and proper, and I hereby give and grant unto my said trustees and their survivor, or survivors, and successors, as the case may be, full power and authority to invest and reinvest all moneys which may come into their hands in such manner and in such securities or other property, personal, real or mixed, and upon such terms and for such length of time as to my said trustees shall seem meet and proper; it being intended hereby to give unto my said trustees full and complete authority to hold, possess, manage, control, sell, convey, lease, including leasing for oil, gas and other mineral purposes, bargain, exchange, invest and reinvest the whole and every part of said trust estate, according to their sole judgment and discretion, without any limitations upon their power and authority to do so; except, that it is expressly hereby provided, and to be understood, that said trustees shall not mortgage, pledge, or otherwise incumber the property of said estate or any part thereof.

"Second: I direct my said trustees to pay to the said Helen Herndon not to exceed the sum of $40.00 per month, payable monthly, for and during her natural life; it is provided, however, that said monthly allowance of $40.00 may be increased by said trustees if they deem it fir ot (fit or) necessary to do so.

"Third: I request that said Helen Herndon obtain the care, custody, control, maintenance and education of Wayne Lee Maxwell, now ten years of age, son of Thelma Maxwell, and retain same until he is twenty-one years of age; that said trustees are authorized and directed to pay over to said Helen Herndon from time to time such sums of money as are reasonably necessary for the care, support, maintenance and education of the said Wayne Lee Maxwell, having regard for the best interests of the said Wayne Lee Maxwell. It is to be understood that at the time of the birth of said Wayne Lee Maxwell the name of his said mother was Thelma Herndon and that thereafter her name by marriage became Thelma Maxwell, but that her husband by said marriage is not the father of said Wayne Lee Maxwell; that since said marriage

the said son has been given the name and is known by the name of Wayne Lee Maxwell, and the same is now his name. That it is further provided that in the event the said Helen Herndon is not able to obtain the care, custody, control, maintenance and education of the said Wayne Lee Maxwell, then and in such event the said trustees shall maintain and educate him in a fit and proper manner, having regard for his best interests in the matter of his educational training, until he is twenty-one years of age; that it is further provided that if the said Helen Herndon shall obtain the care, custody, control, maintenance and education of the said Wayne Lee Maxwell and fails for any reason to perform her duties in that regard, whether by her death or otherwise, before he has arrived at the age of twenty-one years, and then and in such case the said trustees are directed and authorized to maintain and educate him in a fit and proper manner, having regard for his best interests in the matter of his educational training, until he is of the age of twenty-one years; that it is further provided that after the said Wayne Lee Maxwell attains the age of twenty-one years, and as long as said trust exists, my said trustees shall furnish him such help and financial assistance as they may deem fit and proper, considering his necessities, deserts and the financial condition of the said trust estate.

"Fourth: Upon the death of the said Helen Herndon, if the said Wayne Lee Maxwell is then 30 or more years of age, the question of his competency to manage said estate shall be submitted to a judge of the district court of Lincoln County, Oklahoma, and if upon the hearing of said matter the judge of said court finds that said Wayne Lee Maxwell is fit and competent to properly manage and care for said estate, then and in such event said trust herein created shall at once cease, and the other two trustees shall pay over and deliver all the property constituting said trust estate to the said Wayne Lee Maxwell, and they shall have full power and authority to execute all proper and necessary instruments in making and effecting said transfer. But, if upon the said hearing before said judge of said court on said question of competency, the said judge finds that the said Wayne

Lee Maxwell is not fit and competent to properly manage and care for said estate, said trust shall not cease, but shall continue until such time, if ever, as upon a like hearing on said question of competency, a judge of said court shall find that the said Wayne Lee Maxwell is fit and competent to properly manage and care for said estate.

"Fifth: In the event of the death of one or more of said trustees, the survivor or survivors shall immediately appoint some fit and proper person, or persons, to fill such vacancy or vacancies; that such appointments shall be in writing and submitted to a judge of the district court of Lincoln County, State of Oklahoma, for his approval; that when such appointment has been approved by said judge of said court, a record of said proceedings shall be filed in the office of the Court Clerk of said County, and a certified copy thereof shall be filed and recorded in the office of the County Clerk of said County. It is further provided that in case of a vacancy or vacancies by the death of one or more of said trustees, or otherwise, and no appointment is made by the survivor or survivors to fill such vacancy or vacancies, or in case the appointment or appointments submitted to said judge are not approved, or the entire membership of the trustees becomes vacant, then and in such case, the said judge is authorized on his own motion to appoint such person or persons as he deems fit and qualified as trustee or trustees, and a proper record, as aforesaid, shall be made of such appointments.

"Sixth: It is further provided that said trustees shall have a reasonable compensation, paid annually, for their services in the care and management of said trust estate, said compensation to be fixed by the District Court of said Lincoln County, Oklahoma.

"Seventh: It is further provided that, in the event of the death of the said Wayne Lee Maxwell, without issue, before coming into possession of the remainder of said trust estate under the foregoing provisions, then and in such case, if the said Helen Herndon shall have predeceased him, or upon her death if she survives him, said trust estate shall be paid over as follows: $5.00 to Adolph Sporn, $5.00 to

Ida Keeler and the balance, if any, to Emma Malone; but in case of issue surviving the said Wayne Lee Maxwell, said trust shall cease and said trust estate shall be paid over, delivered and conveyed to such issue living at the time of said payment, delivery and conveyance.

"5. It is my desire that during the administration of my estate the probate court give to the said Helen Herndon, an allowance of $40.00 per month, payable monthly until final decree is entered and the said trust thereby established. . . ."

The petition in error alleges 28 assignments of error, which are discussed under eight propositions, as follows:

"1. The plaintiff as the residuary legatee named in the will is entitled to all void trust funds and void or lapsed bequests and devises, as the will itself does not show an intention of the testator to give these to any party or to his heirs.

"2. The plaintiff is not precluded by the judgment in the will contest from attacking the provisions of the will in favor of Helen Herndon and Wayne Lee Maxwell obtained by fraud, menace and undue influence.

"3. Paragraph three of the will is void for uncertainty and the judgment which attempts to locate, designate and set apart such property is arbitrary and not based on any evidence.

"4. The trust provisions of the will are void for uncertainty.

"5. The provisions for selection of trustees and determination of the competency of Wayne Maxwell are contrary to law and destroy the trusts.

"6. The designation of Helen Herndon as both a trustee and beneficiary invalidates the trust provisions of the will.

"7. The trust provisions relative to Wayne Maxwell are void because they violate the rights of his parents.

"8. The purported trust is void and vested no title in the trustees as they are not empowered to receive the rents and profits; and in any event the income and profits belong to the plaintiff."

First, we will consider proposition 3. The contention made by plaintiff hereunder is that paragraph 3 of the will is void because it does not describe the tract of land by metes and bounds or by acreage. The will does provide "together with the garden and poultry yard, and such other ground adjacent to said residence as is necessary for the convenient use of said residence as a home, not to exceed in all 10 acres of land." We have not found where this court has passed upon this particular point, and the parties hereto have not cited any. In 69 C.J. 383, par. 1409, it is said:

"Land may be sufficiently described by its area, inclosure, or condition of improvement."

Also, in 69 C.J. 834, par. 1413, it is said:

"Where there is no method marked out by the devise or by statute for any specific method of selection a devisee may make a selection by his conduct. . . . A court of equity has power to carry out the intention of the testator by so dividing the property, if that is practicable, as to give to each devisee his quantity of land. Where a devisee refuses to make a selection a court of equity may require him to do so in a reasonable time, and on failure to do so, the court may make such selection for him, or at least protect the other devisees."

The court, as a part of its judgment, further stated that the intention of the testator was to give to Helen Herndon ten acres of ground which surrounded his residence, and there being no conflicting descriptions, the trial court's description in setting apart a definite ten acres merely gives normal expression and force to the will. It does not conflict with any other purpose and it fixes boundaries to adjacent lands and gives finality to the whole.

Under the 4th proposition the plaintiff contends that the trust provisions are void because they are not reasonably certain as to the amount each of

the beneficiaries are to receive and are uncertain as to the manner in which the trust is to be performed, and cites as authority therefor, Seran v. Davis, 174 Okla. 433, 50 P. 2d 662, and many cases from other states, which follow the rule in Pomeroy's Equity Jurisprudence, vol. 3, sec. 1009, as follows:

"The declaration of trust, whether written or oral, must be reasonably certain in its material terms; and this requisite of certainty includes the subject-matter or property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of the interests they are to have, and the manner in which the trust is to be performed. If the language is so vague, general or equivocal that any of these necessary elements of the trust is left in real uncertainty, then the trust must fail."

The cardinal rule of construction is to ascertain, if possible, the intent of the testator, and where his intention cannot have effect to its full extent, it must have effect as far as possible. 84 O.S. 1941 § 151. And in case of uncertainty arising upon the face of the will, as to the application of any of its special provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made. 84 O.S. 1941 § 152. The intent must be ascertained from the entire instrument. Porter v. Porter, 97 Okla. 231, 222 P. 971; 69 C.J. 104; 28 R.C.L. 220. And it will be held valid whenever possible. 21 R.C.L. 295, 329. It is also important to observe that the intention of the testator need not be declared in express terms in the will, but it is sufficient if it can be clearly inferred from the particular provisions. 28 R.C.L. 218, par. 177.

When the terms and provisions of the will, as to the trust provisions, are considered in the light of the above rules of construction, we believe the intentions of the testator are certain and that the construction placed thereon by the trial court was correct.

It is also argued that the will violates the rule against perpetuities. We do not think so. Under the terms of the will the trust limitations cannot exceed the lives of Helen Herndon and Wayne Lee Maxwell. The provisions of the will providing that if Wayne dies with issue, the trust estate shall be "paid over, delivered and conveyed to such issue living at the time of said payment, delivery or conveyance," do not extend the trust after the death of Wayne, but only provide who shall receive it at the time of "payment, delivery and conveyance."

These provisions of the will describe, with reasonable certainty, the property embraced in the trust, the beneficiaries, the nature of the estate they are to have, and the manner in which the trust is to be executed.

Under the 5th assignment the plaintiff contends that the "fifth" subdivision of paragraph 4 as to the appointment of successor trustees in case of a vacancy is contrary to law, and therefore void. No authority is cited in support of such proposition, and we are unable to find any. Under Title 60, O.S. 1941 § 173, it is provided:

"Instruments creating express trusts may provide for succession to any trustee, in case of the death, resignation, removal, or incapacity of such trustee. In case of any such succession, the title to the trust property shall at once vest in the succeeding trustee."

It would appear from the above quoted section that such right is vested in the settlor, and the language used can and must be construed to provide a legal way of filling vacancies. Under the terms of said subdivision, a successor to fill the vacancy in the trustees may be appointed by the survivor or survivors, but such appointment must be approved by the "district court."

Also under the same assignment it is argued by plaintiff that the provision relating to the determination of the competency of Wayne Lee Maxwell is contrary to law and therefore void. No authority is cited for such proposition and we are unable to find any.

Under the 6th assignment of error the plaintiff contends that the trust is void for the reason that Helen Herndon is designated as a trustee and beneficiary. Such designation does not void the trust, as is said in 1 Bogert's Trust and Trustees, par. 129:

"While . . . , it is extremely desirable that a trustee shall act under the trust with loyalty and devotion to the interest of the cestuis alone, the selection of a trustee who has an interest in the trust res other than that of trustee does not prevent the trust from coming into being. Such a trustee may be undesirable and so removable, but he is at least a trustee. It has been shown that the nomination of no trustee at all is not fatal to the origin of the trust."

Equity will not permit a trust to lapse for lack of trustees. Hill v. Hill, 49 Okla. 424, 152 P. 1122.

Also in 65 C.J., p. 572, par. 337, it is said:

"It is undoubtedly true that the same person cannot be at the same time sole trustee and sole beneficiary of the same identical interest, or, in other words, that a trust cannot exist where the legal and beneficial interests are in the same person. But the prohibition against the dual relationship is directed against the same interest, and a cestui que trust is not absolutely prohibited from occupying the office of trustee, especially where he is only one of several trustees, or where he is a trustee for himself and others, and as long as the trustee is not the sole beneficiary, it is no objection to the validity of a trust that the trustee named is one of the beneficiaries."

Under the 7th assignment of error the plaintiff contends that the trust provisions as to Wayne Lee Maxwell are void for the reason that they violate the rights of his parents. Under the provisions of the will, the creation of the trust is not dependent upon Helen Herndon obtaining the custody of Wayne Lee Maxwell. The intent and purpose of the will may be carried out whether the custody of the child is obtained by Helen Herndon or not, as the will provided that if custody cannot be obtained, then the trustees shall maintain and educate him.

Under the 8th proposition the plaintiff contends that no title vests in the trustees, as they are not vested with the authority and power to receive the rents and profits, and cites as authority therefor section 11824, O.S. 1931, (Repealed, Laws of 1941, p. 265 § 53) as follows:

"A devise of real property to executors or other trustees, to be sold or mortgaged, where the trustees are not also empowered to receive the rents and profits, vests no estate in them but the trust is valid as a power in trust."

This section applies to powers in trust and has no application to the case at bar. The provisions of the will give to the trustees very broad powers and the right to manage and control the trust estate for the support of the beneficiaries and "to lease" the property. Such power implies the authority in the trustees to receive the rents and profits, where there is no provision in the will to the contrary, and no other provision for the disposition of the rents and revenues.

Judgment affirmed.

GIBSON, C.J., and BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.

HURST, V.C.J., concurs in part and dissents in part.

---

### On Rehearing.

HURST, V. C. J. (dissenting in part on rehearing). The last sentence of the seventh subdivision of section 4 of the will provides: "but in case of issue surviving the said Wayne Lee Maxwell, said trust shall cease and said trust estate shall be paid over, delivered and conveyed to such issue living at the time of said payment, delivery and conveyance". The appellant argues that this provision is violative of the rule against perpetuities and also of our statute against restraints upon the absolute power of alienation, 60 O. S. 1941

§ 31. I think there is merit in this contention.

60 O. S. 1941 § 31 provides: "The absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer period than during the continuance of the lives of persons in being," with certain exceptions not here material. This statute was in effect at the time of the death of testator and governs this case. Gray, The Rule Against Perpetuities, (4th Ed.) § 34. This statute is patterned after the New York statute and similar statutes found in California, the Dakotas, and in several other states. These statutes are analyzed in 41 Am. Jur. 56, § 10, Gray, above, §§ 728-752.1, and Simes, Law of Future Interests, §§ 560-585. The statute applies to both direct and indirect restraints. Simes, above § 437. It limits the duration of a permissible restraint to lives in being. It makes the restraint illegal if it extends beyond the lives in being. It applies to all interests in real property, "whether such interests be vested or contingent, present or future." Page on Wills, Lifetime Ed., § 1253, note 10. It applies "when there are no persons in being by whom an absolute interest in possession can be conveyed." 41 Am. Jur. 66, § 22. To satisfy the requirements of the statute there must be such a vesting within the prescribed period that "there are persons in being, who, by combining and conveying all their distinct interests created by the original grant or devise, can pass an absolute interest in possession." In re Walkerly's Estate, 108 Cal. 627, 41 P. 772.

Our statutes do not, in so many words, fix the period for the rule against perpetuities. Our Constitution (sec. 32, art. 2) provides: "Perpetuities and monopolies are contrary to the genius of a free government and shall never be allowed." Similar or identical provisions are found in the Constitutions of several other states (Gray, above, §§ 730, 752; 41 Am. Jur. 56, § 8), and it has been stated or intimated that such a provision puts in force the common law rule of a life or lives in being plus 21 years plus the period of gestation (Estate of McCray, 204 Cal. 399, 268 P. 647; McLaughlin v. Yingling, 90 Okla. 159, 213 P. 552; Phillips v. Chambers, 174 Okla. 407, 51 P. 2d 303; Gray, above, § 752), but the better rule seems to be that such constitutional provisions are "but declarations of policy rather than guides to decision" (Page, above, § 1253), and "are without juristic value, at least on any question of remoteness" (Gray, above, § 730), and that the Legislature may prescribe any period less than the common law period. Whether it could fix a period in excess of the common law period is doubtful.

While the rule against restraints on the absolute power of alienation and the rule against perpetuities are not the same (the one has reference to alienation and the other to remote vesting), they serve the same purpose of preventing "the tying up of property, the taking of it out of commerce." Gray, above, § 119. Statutes against restraints on the power of alienation, like ours, have the effect of superseding or modifying the common law rule against perpetuities, by fixing the period of perpetuities the same as that fixed prohibiting restraints on the absolute power of alienation. 41 Am. Jur. 56, § 10; Thompson on Wills (2nd Ed.) § 452; Simes, above, § 560; Gray, above, §§ 747, 752. In Re Walker's Estate, 179 Okla. 442, 66 P. 2d 88, we cited our statute, section 31, above quoted, as establishing the rule against perpetuities, but inadvertently and erroneously stated the period to be the "life or lives in being at the death of the testator, and 21 years thereafter." It should be observed, however, that the 1941 Legislature fixed the period of a permissible restraint at the "lives of the beneficiaries in being at the creation of the estate and 21 years thereafter", with certain exceptions, and made it prospectively applicable to both real and personal property. 60 O. S. 1941 §§ 175.47, 175.53.

Under the clause of the will above quoted the property is to be paid over,

delivered and conveyed to the issue of Wayne Lee Maxwell "*living at the time of said payment, delivery and conveyance.*" Under the majority opinion this means the issue living at the time of his death. This does violence to the language used. It is clear that some period of time must elapse after his death before there can be a determination of who his children are. At the time of his death there would be a defeasible vesting, subject to change by the death of issue in the interim. But to satisfy the rule against perpetuities, the vesting must be absolute within the period of lives in being. "Remainders which are vested subject to be partly divested are subject to the rule against perpetuities." Simes, above, § 497. "For the purpose of the rule against perpetuities, a class gift is not regarded as vested until the maximum and minimum membership of the class is determined." Simes, above, § 526. "Interests which are truly and in all respects vested, never come within the rule, but when there is a gift in remainder to a class which has become vested in a living person, if the number of persons who will finally constitute the class may not be determined until a remote period, the remainder is void." Gray, above, § 110.1. See, also, Beverlin v. First Nat. Bank, 151 Kan. 307, 98 P. 2d 200.

Our statute (15 O. S. 1941 § 15) provides that "a child conceived, but not born, is to be deemed an existing person so far as may be necessary for its interest in the event of its subsequent birth." In view of this statute it might be argued that the provision does not violate the rule against restraints on alienation contained in 60 O. S. 1941 § 31, since upon the death of Wayne there would be persons in being (in contempletion of law) who could unite and convey an absolute interest in possession. We need not decide this question, however, since the provision violates the rule against perpetuities. The period of this rule is limited by 60 O. S. 1941 § 31 to lives in being, and upon the death of Wayne there would not be an abso-

lute, but only a defeasible, vesting, since one of the children might die in the interim.

However, it does not follow that the other provisions of the will should fall. The dominant intention of the testator was to care for Helen and Wayne. If Wayne is adjudged to be competent and comes into possession of the trust estate after the death of Helen, as provided in the *Fourth* subdivision of paragraph 4, then the *Seventh* subdivision is rendered immaterial, since the estate would then absolutely vest in him. Said provision is separable and incidental to the other provisions, and is successive in point of time. Under such circumstances, and in view of 84 O. S. 1941 §§ 151, 155, the invalidity of said provision does not render invalid the precedent estates and interests and the other provisions of the will. "If future interests created by an instrument are avoided by the rule against perpetuities, the prior interests become what they would have been had the limitation of the future estates been omitted from the instrument," Gray, above, § 247. See, also, Simes, above, §§ 530, 764-774; 41 Am. Jur. 104-106; 21 R.C.L. 329; 28 A.L.R. 375, annotations; Beverlin v. First Nat. Bank, above.

The *Seventh* subdivision of paragraph 4, which is the residuary clause, in so far as it gives the residue to Emma Malone, should be held to apply only if Wayne dies without issue and without having come into possession of the estate. If, prior to his death, he comes into possession of the remainder by having been adjudged to be competent as provided in the *Fourth* subdivision of paragraph 5, he would thereby become the absolute owner of the property, and the *Seventh* subdivision would thereby be rendered inoperative. If he should die with issue, on the death of both him and Helen, the estate should go to the heirs of testator as intestate property, since the clause in favor of his issue is void and no provision was made in the will for such contingency. 69 C. J. 816, § 1919; Page, above, § 927.

2. The first syllabus of the majority opinion states the rule that it was not error for the trial court to select 10 acres out of the larger tract, under the third paragraph of the will. I think it was error for the court to make the selection, but that Helen Herndon, who had the right to make the selection, has acquiesced in the selection made by the court, and it was harmless error of which no complaint is made by the one entitled to complain.

While the authorities are not uniform on the question, the majority rule, and the better one, seems to be that a provision in a will giving the devisee a specified number of acres out of a larger tract ordinarily carries with it the implied right of the devisee to make the selection. 69 C. J. 359, 384; Jarman on Wills (6th Ed.) vol. 1, p. 361; Schouler on Wills, Executors and Administrators (6th Ed.) § 1111; Thompson, Construction of Wills, § 285. The rule applies generally to deeds, so that the grantee ordinarily has the implied right of selection. 8 R. C. L. 1094; 16 Am. Jur. 588; 26 C. J. S. 218.

In Hodges v. Stewart, 218 N. C. 290, 10 S. E. 2d 723, which is strongly relied upon by plaintiff, the court did not discuss the question as to whether selection by the devisee would be implied.

The case of Case v. Hasse, 83 N. J. Eq. 170, 93 Atl. 728, is in point. There, the testator bequeathed to a certain person "a painting to be selected, and also a few oriental rugs to be selected by her." It was held that the bequest of the painting was valid and that the donee had the implied right of selection, but that the bequest of "a few oriental rugs" was void for indefiniteness since it did not fix the number of rugs to be selected. See Page, above § 55.

For the foregoing reasons, I dissent to the majority opinion in so far as it holds that the provision above quoted is not violative of the rule against perpetuities. In all other respects, I concur in the result reached in the majority opinion.