(54 App. Div. 248.)

SCALLAN v. BROOKS.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. TRUSTS—CREATION OF TRUST—EVIDENCE.

Decedent opened an account in a savings bank "in trust for" plaintiff, and retained the passbook evidencing the trust account in her possession until the day before her death, when she gave it to the person named as executor in her will. Two witnesses testified to statements made by decedent that she constituted the trust for the benefit of plaintiff. *Held* sufficient to establish a trust in plaintiff's favor.

**2. Same—Revocation.**

Where a person deposited money in a bank in trust for another, and retained the passbook evidencing such deposit, such retention will not operate to defeat the trust, but can be regarded only as the possession by a trustee of a muniment of title.

**3. Gifts—Gift of Trust Fund—Delivery.**

Where a deposit in trust for the benefit of another is regarded as a gift, no question of the incompleteness of the gift arises on the ground that it is not delivered to the donee, because the depositor retained the evidence of the deposit, since possession and title of the subject of the trust is necessarily in the trustee.

Appeal from judgment on report of referee.

Action by John T. Scallan against John Brooks, executor of Bridget Steggles. From a judgment in favor of plaintiff on report of referee, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

K. C. McDonald, for appellant.
William J. Barr, for respondent.

PATTERSON, J. The defendant appeals from a judgment entered upon the report of a referee in favor of the plaintiff in an action brought to recover an amount on deposit in a savings bank in an account opened by one Bridget Steggles "in trust for John T. Scallan." The contest is between Scallan and Brooks, the executor of the last will and testament of Bridget Steggles. The real question in the case relates to the ownership of this money on deposit. Does it belong to the plaintiff, or is it assets of the estate of Mrs. Steggles, passing to her executor? From the evidence it is quite clear that Mrs. Steggles opened the account with the savings bank, and personally received the passbook, which she retained in her possession until the day before her death, when she handed it to the person named as executor in her will. From the form in which the account was opened by Mrs. Steggles, and the fact of her acceptance of the passbook, with the nature of the account and of the deposit stated in it, and from the evidence of two witnesses of statements and declarations made by Mrs. Steggles that she constituted the trust for the benefit of the plaintiff, the referee was authorized to find, as he did, that a trust for the plaintiff was created. The devotion of the money to a trust for the benefit of Scallan must be deemed, under the authorities cited in Farleigh v. Cadman, 159 N. Y. 169, 53 N. E. 808, and in Williams v. Bank, 51 App. Div. 332, 64 N. Y. Supp. 1021, to constitute an irrevocable trust. The retention of the passbook by Mrs. Steggles can only be regarded as the possession by a trustee of a muniment of title. If the deposit in trust is to be regarded as a gift, no question can arise of incompleteness of that gift by reason of the nondelivery of the subject of it to the donee; for, the trust existing, possession and title necessarily would be in the trustee. There is no question of revocation of the trust, by will or otherwise. The judgment appealed from should be affirmed, with costs. All concur.