Leonora A. Marsh, as General Guardian of the Person and Estate of Horace Blancard Marsh (formerly Horace Everett Russ, a Minor), Plaintiff, *v.* Martin J. Keogh and Francis G. Janssen, as Executors, etc., of Louisa Blancard Marsh, Late of the City of New Rochelle, Westchester County, New York, Deceased, Defendants.

*A savings bank account opened in the name of " Louisa B. Marsh in trust for Horace B. Marsh " — it creates an irrevocable trust — effect of a withdrawal of part of the money.*

Louisa B. Marsh, a childless widow of advanced years, adopted her great great-nephew as her son, he taking the name of Horace B. Marsh. At the time of adoption she declared in the affidavit required by law that she was willing to treat the child in all respects as if he were her own, and that it was her inten-

tion to leave to him, at her death, some portion of her property, and that she was better able to provide for him than his mother. Thereafter she opened three bank accounts, all of which were substantially in the following form: "Louisa B. Marsh in trust for Horace B. Marsh." She retained the bank books in her possession, and during her lifetime she withdrew a portion of the moneys deposited from two of the accounts, leaving the third one intact. She left a will, by which she bequeathed legacies amounting to $38,000 to various persons, including $3,000 to her adopted son. She provided that $1,500 of such legacies should be paid in full and that the remaining legacies, including the one to her adopted son, should be paid ratably, if necessary.

*Held,* that, in the absence of proof indicating a different intention on her part, Louisa B. Marsh had, by the making of the deposits in the form mentioned, created a valid and irrevocable trust therein for the benefit of her adopted son and that such adopted son was entitled to recover from her executors the aggregate of the deposits, as if standing intact, with interest thereon at the legal rate.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*George W. Carr,* for the plaintiff.

*John F. Coffin,* for the defendants.

JENKS, J. :

This is a controversy submitted pursuant to section 1279 of the Code of Civil Procedure.

Louisa B. Marsh, widow, in 1893, legally adopted Horace E. Russ, her great great nephew, and he received the name of Horace B. Marsh. At the time of adoption Mrs. Marsh declared in the affidavit required by law that she was willing to treat the child in all respects as if he were her own, that it was her intention to leave to him at her death some portion of her property, and that she was more able than his mother to provide for him. She deposited the sums of $500 in 1897 and in 1898 to the credit of an account opened by her on the earlier date in a savings bank, reading "Louisa B. Marsh, in trust for Horace B. Marsh, son, 14 years." Between February, 1900, and February 21, 1901, she withdrew $880, and left the account open at her death, with credits of $119, and $115 accrued interest. She made similar deposits in the same years in another savings bank in the name of "Louisa B. Marsh, in trust for

Horace B. Marsh." She drew therefrom $1,098 between January, 1900, and May, 1901, but left the account open at her death, with a credit of $25 interest. She made similar deposits in 1897 and again in 1898, in an account opened by her on the earlier date, in a savings bank, which read, "Louisa B. Marsh, in trust for Horace B. Marsh." She never disturbed this account, but left it open at her death. She died unmarried in 1901, leaving no children save the said adopted son. By will, she gave legacies amounting to $38,000. She bequeathed $2,000 to Horace E. Russ, which was increased by codicil, made after his adoption, to $3,000, to Horace Blancard Marsh. She provided that legacies amounting to $1,500 should be paid in full, and the remaining legacies, including the one to her adopted son, be paid ratably, if necessary.

Thus, it appears that the depositor, who was a childless widow of advanced years, adopted her great great nephew as her own child, and gave him her own name, asserting her ability to support him better than his parent could do, and her intention to leave him some portion of her own property. Upon the record, she created valid and irrevocable trusts for his benefit. There is nothing in the proof which discloses any other or different intention. Such acts on her part are consistent with her declaration to provide for her only child, and there is nothing violently antagonistic thereto in the provision made for him in her will, which purported to dispose of $38,000 in legacies, inasmuch as $2,000 of the $3,000 so left to him by that instrument had been bequeathed before his adoption and before her declarations. The retention of the pass books was not necessarily inconsistent with the passing of the title to the deposits, as it has been held that the depositor may, under the circumstances, have retained them as trustee. (*Martin* v. *Funk*, 75 N. Y. 134.) It does not appear what disposition the trustee made of the moneys withdrawn. It is not necessary to hold, as the learned counsel for the defendant suggests, that this lady was a larcenor of the money before we can hold her estate liable for the trust moneys intact. She may have honestly mistaken the legal effect of her acts, and have supposed that the moneys were still her own. But however this may be, we cannot infer, in the face of her deposits and the character of the accounts, that she had no intention of creating valid and irrevocable trusts simply from the circumstances that she from

time to time depleted the deposits. A mere diversion of the trust fund could not destroy the trust, and we have nothing more than this naked fact. I think that we must give judgment to the plaintiff in such sum as represents the aggregate of the several deposits, as if standing intact. Interest thereon must be allowed at the legal rate under the authority of *Robinson* v. *Appleby* (69 App. Div. 509; affd., 173 N. Y. 626).

This judgment is based upon the authorities of *Farleigh* v. *Cadman* (159 N. Y. 169); *Martin* v. *Funk* (*supra*); *Jenkins* v. *Baker* (77 App. Div. 509), and many similar authorities.

Judgment in accordance is given for the plaintiff but, under the terms of the submission, without costs.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment on submitted case for the plaintiff, without costs.