### BARLOW v. HALLEY.

(Supreme Court, Special Term, New York County. October, 1909.)

1. GIFTS (§ 28*)—INTER VIVOS—DELIVERY.

Testatrix had placed in her nephew's possession certain bonds, inclosed in an envelope, bearing her signed statement: "The inclosed bonds are the property of my brother, James A. Halley, of Tarrytown, New York." She purchased the bonds to provide a fund which would yield a monthly income for her brother, after consultation with the nephew. On one occasion testatrix applied to her nephew for the interest coupons, which he was at first unwilling to deliver to her, stating that they belonged to the brother, and not to her, but did so on her assurance that the money was to be paid to her brother; she desiring that he receive the income in monthly payments, rather than semiannually. In a will made by testatrix about the time of the transaction, she referred to the bonds as bonds "of which I am now possessed, or which I shall possess at the time of my decease"; but in her last will, made later, she made no reference to the bonds. Held, that the bonds were not delivered to the nephew as agent for testatrix, nor as trustee, but as a custodian, and that the facts showed a sufficient intent to establish a gift inter vivos.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 61; Dec. Dig. § 28.*]

2. GIFTS (§ 21*)—INTER VIVOS—DELIVERY.

A transfer of possession to a third person for the donee, with the intention to make a gift, is a sufficient delivery to constitute a valid gift inter vivos.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 36; Dec. Dig. § 21.*]

3. GIFTS (§ 21*)—INTER VIVOS—DONEE'S KNOWLEDGE.

The donee's knowledge of a gift inter vivos is not essential to the validity thereof, where there has been a delivery of the property to a third person for the donee.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 36; Dec. Dig. § 21.*]

4. GIFTS (§ 41*)—DELIVERY TO AGENT.

Delivery of property, intended to be given to another, to the donor's agent, is insufficient, unless the donee obtains possession before the donor's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

death, since the death would terminate the agency and the delivery be incomplete.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

5. GIFTS (§ 34*)—CONDITIONAL DELIVERY.

A gift inter vivos is not effective, if delivery to the donee is made conditional on a donor's death.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 68–71; Dec. Dig. § 34.*]

Action by one Barlow against one Halley to determine the ownership of personal property. Judgment for defendant.

D. F. Tourney, for plaintiff.

Hunt & Elkins, for defendant.

BISCHOFF, J. The question for determination concerns the ownership of 10 bonds of the Milwaukee & Northern Railroad Company, purchased by Mrs. Affleck, the plaintiff's testatrix, and placed by her in the possession of James G. Affleck, a nephew, inclosed in an envelope bearing her signed statement:

"The inclosed bonds are the property of my brother, James A. Halley, of Tarrytown, N. Y."

It appears from the evidence before me that these bonds were bought by Mrs. Affleck for the direct purpose of providing a fund which would yield an income of $50 a month at that time for her brother. The purchase itself was made to this end, after a consultation with James G. Affleck, and the securities were placed in his hands, not as trustee, but as custodian, for the person whose "property" they were deemed to be. As indicated by the transaction itself, the legal title, if it passed at all, passed to the person designated as owner—a situation inconsistent with title in the custodian, which would be the necessary incident of a trust. The distinction is noted in Young v. Young, 80 N. Y. 430, 36 Am. Rep. 634, and upon the facts presented the claim of the defendant must rest, upon the theory of an executed gift inter vivos. Whether there was a gift inter vivos is simply a matter of the donor's intention (Farleigh v. Cadman, 159 N. Y. 173, 53 N. E. 808), and, from the circumstances under which these bonds left Mrs. Affleck's possession, an intention upon her part at that time to relinquish all dominion over them for the benefit of the donee quite clearly appears. The written statement that the bonds were the property of her brother is a sufficient characterization of the delivery to import a gift, and I find no adequate grounds for the assumption that the apparent gift was no gift because of some mental reservation. Knowledge of the gift on the donee's part was not necessary to render it effective. The transfer of possession to a third person for the donee, with the intention to make a gift, was enough. As was said in Bray v. O'Rourke, 89 App. Div. 400, 402, 85 N. Y. Supp. 907, 908:

"A delivery need not be made to the donee in person. It may be made to a third person for him, even without the knowledge of the latter. The delivery must be made to such third person for the use of the donee, and if it is made under such circumstances as indicate that the donor relinquishes all right to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the possession or control of the thing given, and intends to vest a present title in the donee, the gift will be sustained."

That the donee's knowledge of the gift, where there has been a delivery to a third person for him, is not essential to the validity of the gift itself, has also been held in other jurisdictions. See Vreeland v. Vreeland, 48 N. J. Eq. 56, 21 Atl. 627; Brabrook v. Boston, &c., Savings Bank, 104 Mass. 228, 231, 6 Am. Rep. 222.

Undoubtedly, as the plaintiff contends, a delivery to the donor's own agent would not be enough, unless the donee obtained possession before the donor's death, since the death would terminate the agency and the delivery would not be complete. Augsbury v. Shurtliff, 180 N. Y. 143, 72 N. E. 927. Nor could the gift be made effective if delivery to the donee were conditional upon the donor's death. Id.

Nothing in the evidence supports a finding that the title to the bonds was to depend upon Mrs. Affleck's death, and the contention that Mr. Affleck, into whose custody the delivery was made, received the property as the donor's agent for some purpose, proceeds upon an assumption of fact for which the proof affords no warrant. He was apparently chosen to receive the property because of the donor's confidence in his integrity; but nothing more is suggested by the facts, and his duties apparently extended no further than was indicated by the written statement of the fact of the brother's ownership—that is, he was to act as custodian for the owner, not the donor.

The plaintiff lays stress upon the circumstance that Mrs. Affleck received certain of the coupons upon the bonds as they fell due and deposited them to the credit of her personal bank account. But this fact, as the proof discloses, actually bears more strongly in support of the defendant's ownership than against it. When the first interest coupons on these bonds became due, Mrs. Affleck had a conversation with her nephew, the custodian, with reference to the payment over of the amount thus available as income; she having then stated her desire that her brother should receive the interest in monthly payments of $50 rather than six months' income at one time, apprehending that he might spend the money at once. Mr. Affleck was unwilling to deliver over the coupons to her, as he then-stated, since they belonged, not to her, but to her brother; but, upon her assurance that the moneys were to be paid to the latter, he permitted her to have the proceeds. Clearly Mrs. Affleck had no thought that the bonds were her property at that time, or that Mr. Affleck was her agent when acting as custodian. She received the moneys due upon the coupons, not for her benefit, but for the donee's account, assenting to the custodian's statement that the bonds and the coupons were the donee's property, and becoming intrusted with the coupons, or their proceeds, upon a representation which was in harmony with her understanding that the gift was absolute with no reserve rights in herself; for, if she considered that she still had some dominion over the property, this was the time when she would naturally have so asserted.

That Mrs. Affleck's will, made at about the time of this transaction, but not her last will, referred to bonds of the Milwaukee & Northern Railroad Company "of which I am now possessed or which I shall

possess at the time of my decease," cannot serve to defeat the apparent gift. The bonds, which were the subject of the gift, were purchased by her from her husband's estate upon Mr. Affleck's advice, and it may well be that she had in mind the purchase of more of the bonds from the same source. Later, when she executed her last will, she made no reference to this class of securities, a circumstance which is well in harmony with the assumption that the reference in the previous will had to do with a situation not present when the last will was executed, because she had not acquired the bonds which it had been her intention to purchase.

As I view the evidence, the actual intention to make a present gift of these bonds to the defendant is clearly established, and there should, therefore, be judgment for the determination of the disputed question of title in favor of the defendant. I have indicated upon the findings of fact and conclusions of law proposed by the plaintiff my disposal of the requests to find. Form of findings, in accordance with those proposed by the defendant, and proposed judgment, may be submitted upon notice of settlement.