In the Matter of the Accounting of JAMES ROOSEVELT et al., as Executors of FRANKLIN D. ROOSEVELT, Deceased.

Surrogate's Court, Dutchess County, July 21, 1947.

*Henry T. Hackett, Earle R. Koons* and *Henry S. Hooker* for James Roosevelt and others, as executors of Franklin D. Roosevelt, deceased.

*John F. X. McGohey, United States Attorney (Thomas P. McLaughlin* of counsel), for United States of America.

*Leonard J. Supple,* special guardian for William D. Roosevelt and others.

*John B. Van De Water,* special guardian for Anna E. Dall and others.

*Joseph A. McCabe,* special guardian for Franklin D. Roosevelt, III, and others.

QUINTERRO, S. The executors of the above estate have petitioned this court for determination whether Franklin D. Roosevelt, during his lifetime, made a valid and effective gift of all his papers and files, including those in his possession at the time of his death, to the United States Government to be placed, maintained and preserved in the Franklin D. Roosevelt Library at Hyde Park, New York, for purposes of historical study and research for all time. The executors also ask for approval of the sale by the executors, to decedent's widow, Mrs. Anna Eleanor Roosevelt, [of] certain of the real estate of the decedent situated at Hyde Park, Dutchess County, New York, and at Campobello Island, New Brunswick, Canada, and the sale to the Town of Hyde Park, Dutchess County, New York, of the real estate with the building and improvements thereon, situate in the village and town of said Hyde Park, commonly known as the " James Roosevelt Memorial Library ".

## Facts

In the decedent's lifetime, he acquired voluminous papers and correspondence which he carefully preserved with the view to their ultimate use as historical source material. In the year 1938, the decedent announced and explained in detail what he prescribed as his plan for the " Final Disposal " of his papers stating that material of that kind ought not to be broken up; that it should be kept intact, ought not to be sold at auction, nor scattered among descendants; that the repository for the decedent's papers should be at Hyde Park, and " that the

ownership and title of all the papers, books, et cetera, should be in the Federal Government itself ''. The decedent publicly expressed his plan for the final disposal of his papers. Thereafter Mr. Roosevelt, officials of the United States Government, associates and friends entered upon and followed a consistent course of conduct right down to the time of Mr. Roosevelt's death, designed to carry out and effectuate the plan for the final disposal of his papers. As the first step in furtherance of the plan, the '' Franklin D. Roosevelt Library, Inc.'' was formed. Among the purposes for which the corporation was formed, is the following: '' 1. To erect, construct and equip a building or buildings at Hyde Park, Dutchess County, in the State of New York, or elsewhere either for the corporation or for the United States of America, for the purpose of placing therein and housing, preserving and keeping intact such correspondence, papers, manuscripts, source material, logbooks, pamphlets, books, paintings, drawings, prints, works of art, relics and other material, collections or memorabilia (all of the foregoing being hereinafter separately and collectively called ' historical material ') as Franklin D. Roosevelt, President of the United States of America, may give, bequeath or otherwise transfer to the corporation, or to the United States of America, and such other acceptable historical material as any other person or any firm or corporation may give, bequeath, loan or otherwise transfer to the corporation.''

The trustees of the Franklin D. Roosevelt Library, Inc., announced the formation of a special committee, to seek private gifts to meet the cost of building the proposed library at Hyde Park. As part of the fund-raising campaign, the Library Corporation compiled and published a circular entitled '' From the Record ''. This circular contained quotations from representative historians and newspapers regarding the merits of Mr. Roosevelt's plan for the final disposal of his papers. The official stamp of approval was placed on the project when Mr. Roosevelt, as President, approved the joint resolution of Congress to provide for the establishment and maintenance of the Franklin D. Roosevelt Library. The report of the Committee on the Library of the House of Representatives of July 12, 1939, further clarifies the general understanding of the President's plan for the disposal of his papers. This report described the gift insofar as the papers are concerned as follows: '' Public And Personal PAPERS.— These include practically all of Mr. Roosevelt's incoming, and copies of practically all of his outgoing, correspondence as well as other material covering

the years of his services as New York Senator, 1910–13; as Assistant Secretary of the Navy, 1913–20; as Governor of New York, 1929–33; and as President of the United States. They include also a large volume of political material, especially material relating to the Presidential campaigns of 1920, 1924, 1928, 1932 and 1936, and a smaller accumulation of other material of a miscellaneous character."·

The library was formally dedicated and opened to the public on June 30, 1941, and Mr. Roosevelt had already delivered to it a sufficient quantity of his papers, historical collections, books, and museum objects to warrant the opening of the building to the public.

As soon as the library building was turned over to the Government, the President started sending material to it, and continued to turn over to the Government, certain material and papers, as described in the Annual Reports of the Archivist of the United States as to the Franklin D. Roosevelt Library for the year 1940, and ending June 30, 1945. At the time Mr. Roosevelt died, on April 12, 1945, he still had in his possession at the White House miscellaneous manuscript material consisting of the White House Central Files, the Map Room Papers and miscellaneous correspondence and documents in his office files. Immediately after decedent's death, all the papers of the decedent were eventually removed to the Franklin D. Roosevelt Library, Hyde Park, New York, except the decedent's papers relating to the prosecution of the war, commonly known as the " Map Room Papers ". These papers are still in Washington, D. C., under the custody of the President of the United States.

### Decision

It is well settled in New York that the essential elements of a valid gift *inter vivos* are: (1) a clear and unmistakable intention on the part of the donor to make a gift; (2) delivery of the thing given to the donee pursuant to that intention; and (3) acceptance of the gift by the donee.

There is abundant evidence that the three essential elements of a valid gift *inter vivos* were met with in respect to those papers transferred to the library by Mr. Roosevelt during his lifetime and entered on the records of the library as gifts. The intention on the part of Mr. Roosevelt to make the gift is clear from his writings, oral statements and conduct. There was actual delivery to the library of all of the items included within this category and there was acceptance thereof by the library which exercised dominion and control over the material and

indicated the acceptance thereof as gifts on the permanent records of the library.

With respect to those papers which had not been actually delivered to the library prior to Mr. Roosevelt's death, the evidence supports a finding that there was constructive delivery. The delivery necessary for a valid gift may be either actual or constructive. Where there is actual delivery, mere words alone are sufficient to complete the gift. Where there is no actual manual delivery, the gift may be completed by instrument in writing. Although the general rule is that delivery made by written instrument must be in the form of a deed, sealed instrument or formal instrument purporting to pass title, it has been held in New York, that informal instruments, such as memoranda or letters, are sufficient to pass title without delivery.

Similarly, acceptance of a gift need not be made immediately at the time of delivery. It is sufficient if the gift is accepted, and the exercise by the donee of dominion over the subject of a gift or the assertion of a right thereto by him is generally held to be evidence of acceptance. There is no evidence in the writings, oral declarations or the course followed by Mr. Roosevelt from 1938 to the time of his death of revocation of the gift. The library did assert the ultimate right thereto, in the annual reports of the Archivist of the Franklin D. Roosevelt Library and the literature published and distributed by it, though it did not exercise physical dominion and control over the papers still at the White House.

The fact that Mr. Roosevelt makes no mention of these papers in the will executed by him on November 12, 1941, which date was several months after the dedication and opening of the library, gives rise to a fair inference that he believed that he already had effectively disposed of those papers and that they were not to be regarded as part of his estate. A decedent's papers are not ordinarily regarded as assets of the estate.

In view of Mr. Roosevelt's declaration of his plan for the final disposition of his papers, the consistent course of conduct followed by him to consummate that plan, and the principles of law applicable thereto, the decision of this court is, that Franklin D. Roosevelt, during his lifetime, made a valid and effective gift of all his papers and files, including those in his possession at the time of death to the United States Government, to be placed, maintained and preserved in the Franklin D. Roosevelt Library at Hyde Park, New York.

As to the request of Mr. Samuel I. Rosenman, an attorney of New York City, for instructions with respect to his duties

under the memorandum, dated July 16, 1943, which President Roosevelt addressed to the director of the Franklin D. Roosevelt Library, and in which memorandum the decedent expressed a wish that a committee of three persons (Samuel I. Rosenman, Harry L. Hopkins and Grace G. Tully or the survivors thereof) examine his personal papers, and select those which, in their opinion, should never be made public and those which should remain sealed for a prescribed period of time, it will be observed that this memorandum is not testamentary in character, and does not revoke or modify the gift which the decedent made to the Government of the United States of his papers and files. The memorandum is merely a request to the director of the Franklin D. Roosevelt Library at Hyde Park, New York, as to the handling of the papers and files and concerns purely administrative problems dealing with the display and publicity which should be given, or not given, to certain of his papers.

If the Archivist of the United States chooses to accept the counsel and advice of Mr. Rosenman in the handling of this material, he is free to do so, as I view the situation. This is an administrative question for the Government of the United States and its archivist, and not a judicial question for this court.

Mr. Rosenman was not cited in this proceeding. He filed a notice of appearance herein together with an affidavit, sworn to July 1, 1947, in which he refers to himself as an interested party. In my opinion, he is not a necessary or proper party to this proceeding, and in any event his request for instructions does not present any question which is germane or relevant.

The contract of sale between the executors and Mrs. Anna Eleanor Roosevelt, [of real estate] owned by the decedent at Campobello Island, New Brunswick, Canada, for the sum of $1,000; the contract of sale, between the executors and Mrs. Anna Eleanor Roosevelt and the Town Board of the Town of Hyde Park, for the sale of the James Roosevelt Library to the Town of Hyde Park, Dutchess County, New York, for the sum of $4,500; the contract of sale between the executors and Mrs. Anna Eleanor Roosevelt, of approximately 842 acres of real estate, at Hyde Park, New York, for the sum of $85,000 are hereby approved.

Submit order on notice.