■ YORGOS ANAGNOSTOU et al., Respondents-Appellants, v NIKI STIFEL, Individually and as Administratrix of the Estate of ALEXANDER IOLAS, Deceased, et al., Appellants-Respondents.— Order, Supreme Court, New York County (Myriam J. Altman, J.), entered January 18, 1990, which granted in part plaintiffs' motion for preliminary injunctive relief, denied defendants' cross motion for summary judgment, and denied plaintiffs' motion for partial summary judgment, unanimously affirmed without costs. Order of the same court and Justice, entered January 31, 1990, which, on renewal, adhered to the prior determination with respect to defendants' request for summary judgment, unanimously affirmed without costs.

The six subject paintings by the late Andy Warhol, based on Leonardo da Vinci's "The Last Supper", were commissioned by decedent art connoisseur, Alexander Iolas, in 1984, as part of an original set of seven, the series being subsequently expanded to 22. In October 1986, decedent agreed to exhibit them in Italy and the paintings were shipped to Milan in December, for showing in January and February. Shortly before the opening of the exhibition, decedent fell ill and went to his home in Athens to convalesce. While there, on January 16, 1987, he allegedly executed a document purporting to acknowledge that six of the paintings (identified by size) belonged to plaintiffs, in gratitude for their faithful service to him over many years. He then flew to Milan for the opening of the exhibition, and upon his return to Athens he executed additional documents on February 19, confirming gifts to plaintiffs of unspecified items of furniture and objects of art, in consideration for their enumerated but unrenumerated service to him. After another brief trip to Milan, decedent arrived in New York where he underwent surgery and was hospitalized for a very serious illness.

According to defendants, decedent, during his hospitalization here, made arrangements for the paintings to be returned to New York at the close of the exhibition. The only evidence of this is a letter written to the Milan exhibitor by the late artist's manager, purportedly acting on behalf of decedent and his niece, defendant Cuevas. Decedent made one more trip to Athens before returning to New York in May 1987, where he

died one month later. His sister and administratrix, defendant Stifel, later had the paintings removed from the warehouse in Long Island City to the home of her daughter, defendant Cuevas, where they presumably remain today. This action for breach of contract and specific performance was commenced nearly two years later.

An inter vivos gift requires a showing of donative intent, delivery and acceptance *(Matter of Van Alstyne,* 207 NY 298). The third element can be presumed where, as here, the works of art are of intrinsically significant value *(Gruen v Gruen,* 68 NY2d 48, 57).

The documents executed by decedent arguably express his donative intent and purpose, as well as an adequate description and an indication of the donor's possessory interest *(Rubenstein v Rosenthal,* 140 AD2d 156, 158). Although the element of delivery may be satisfied by a showing of constructive or symbolic conveyance, where actual physical delivery is impossible or impractical *(see Gruen v Gruen, supra; Hawkins v Union Trust Co.,* 187 App Div 472; *Matter of Roosevelt,* 190 Misc 341; *cf., Tompkins v Leary,* 134 App Div 114), nevertheless, it still must be proven that the donor parted with dominion and control over the objects *(Beaver v Beaver,* 117 NY 421) and vested those interests irrevocably in the donee *(Matter of Szabo,* 10 NY2d 94). Thus, one of the crucial determinations for the trier of fact will be whether decedent continued to exercise personal dominion and control over the paintings, having ordered them to be returned to New York upon the close of the exhibition in Milan, or whether that directive emanated from some other source in contradiction to the claimed earlier expressed declaration that the six paintings in question belonged to plaintiffs, his faithful servants. Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.