■ In the Matter of JAMES P. MONKS, as Administrator of the Estate of HARRIET MONKS, Deceased, Respondent-Appellant. ELEANOR C. GRILLO, Appellant-Respondent. [668 NYS2d 786] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Surrogate's Court erred in granting claimant's cross motion for summary judgment. The record establishes that, in 1966, decedent signed a document in which she stated that she had given claimant "One Hundred (100) shares of Eastman Kodak Co. Stock Cert Feb. 4, 1998 RC 161744". In support of her cross motion, claimant asserted that, when decedent gave her the gift, decedent stated that she wanted to collect the dividends that accrued on those shares of stock until her death. The stock certificate described in the document was never delivered to claimant during decedent's lifetime and did not exist at the time of decedent's death because decedent had the shares of stock reissued in her married name.

To establish an inter vivos gift, the donee must show by clear and convincing proof the intent of the donor to make the

gift, delivery of the gift pursuant to the donor's intent and acceptance of the gift by the donee (*see, Matter of Szabo*, 10 NY2d 94, 98; *Mortellaro v Mortellaro*, 91 AD2d 862). Because issues of fact exist regarding decedent's intent to make a present gift and whether the gift was delivered, summary judgment is precluded (*see, Anagnostou v Stifel*, 168 AD2d 256). In support of the motion of the administrator of decedent's estate for summary judgment dismissing claimant's claim against the estate, the administrator's attorney stated that he was not contesting the alleged statement of decedent that was made contemporaneously with the document. That statement does not alter our conclusion that the cross motion should have been denied. That statement was only for purposes of the administrator's motion and could not be used to support the cross motion for summary judgment.

Consequently, we modify the order by denying claimant's cross motion for summary judgment. In light of our determination, we do not consider the contention of claimant that the court erred in determining the value of her claim. (Appeals from Order of Monroe County Surrogate's Court, Ciaccio, S.— Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Fallon, JJ.