# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1087**
**CA 12-00901**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF SAMUAL J. CIVILETTO, AS
EXECUTOR OF THE ESTATE OF TERESA DIMINO, ALSO
KNOWN AS THERESA DIMINO, DECEASED,                    MEMORANDUM AND ORDER
PETITIONER-APPELLANT-RESPONDENT.
----------------------------------------------------
PHILIP S. INFANTINO, RESPONDENT-RESPONDENT-APPELLANT.

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
PETITIONER-APPELLANT-RESPONDENT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
RESPONDENT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Surrogate's Court, Niagara County (Matthew J. Murphy, III, S.), entered November 10, 2011. The order denied in part the motion of petitioner for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, as executor of the estate of Teresa DiMino, also known as Theresa DiMino (decedent), appeals and respondent cross-appeals from an order that granted in part and denied in part petitioner's motion for summary judgment on the petition. As relevant to this appeal and cross appeal, petitioner alleged that, prior to decedent's death, respondent withdrew more than his moiety from a money market account and a savings account, both of which were jointly held by respondent and decedent. Petitioner also alleged that respondent was improperly in possession of jewelry that belongs to decedent's estate. Surrogate's Court granted that part of petitioner's motion with respect to the jewelry and denied that part of the motion with respect to the joint accounts. Respondent does not contend on his cross appeal that the Surrogate erred in granting that part of the motion with respect to a certain refund check and thus is deemed to have abandoned that contention (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Turning first to petitioner's appeal, we conclude that the Surrogate properly determined that there are issues of fact regarding respondent's withdrawals from the joint accounts that preclude summary judgment. "The creation of a joint account vests in each tenant a present unconditional property interest in an undivided one half of the money deposited, regardless of who puts the funds on deposit"

(*Parry v Parry*, 93 AD2d 989, 990; *see Bailey v Bailey*, 48 AD3d 1123, 1124). Where, however, a joint tenant withdraws more than his or her moiety, the other tenant has an absolute right to recover such excess (*see Matter of Kleinberg v Heller*, 38 NY2d 836, 842 [Fuchsberg, J., concurring]). Although the death of a joint tenant does not divest his or her estate of the right to recover the amount of the excess withdrawal, the withdrawing tenant may successfully resist recovery by the estate if he or she can establish that the now deceased joint tenant had consented to the withdrawal (*see id.* at 842-843). In this case, the Surrogate properly concluded that there were issues of fact whether decedent had consented to or otherwise ratified respondent's withdrawals from the money market and savings accounts.

Respondent contends on his cross appeal that the Surrogate erred in granting that part of petitioner's motion with respect to the jewelry because decedent had made an inter vivos gift of the jewelry to him. We reject that contention, inasmuch as respondent failed to offer the requisite clear and convincing evidence of decedent's intent to make an inter vivos gift (*see Matter of Monks*, 247 AD2d 922, 922-923; *see also Matter of Szabo*, 10 NY2d 94, 98).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court