OPINION OF THE COURT
Scott Fairgrieve, J.
*964 Trial Decision
The plaintiff, Jordan Zeidman, claims that his mother, defendant Shirley Zeidman, refused to deliver $5,000 that was given to him by his maternal grandmother, Rachel Steinfeld, for his Bar Mitzvah gift. The following is based upon what this court finds to be the credible evidence adduced.
Findings of Fact
On February 27, 1998, the defendant and her husband, also the plaintiffs father, divorced. In their separation agreement, the divorced couple stipulated that they would contribute pro rata to plaintiffs college fund. The defendant has not made any such contributions into the plaintiffs college fund and, in October of 2007, the plaintiff moved from the defendant’s home because of their uneasy relationship. The plaintiff and the defendant have been estranged ever since.
On October 20, 2007, the plaintiff and his family celebrated his Bar Mitzvah at Zachary’s restaurant in Hempstead, New York. Neither the defendant nor the plaintiff’s grandmother received an invitation to the party. However, the two “crashed” the party, and were not asked to leave. The plaintiff claims that at the celebration, his grandmother told him that she was going to give him $5,000 for his religious achievement. The grandmother supposedly gave the $5,000 to the defendant, with the understanding that it would be delivered to the plaintiff. The plaintiff testified:
“A. Yeah, she — during my Bar Mitzvah in the synagogue I remember having conversation with my grandma. And my mom was next to me. And she was like I have $5,000 for you. Just like I gave to your brother, and sister. And I’m going to give it to your mom to hold for you.”
The plaintiff states that the defendant never delivered the $5,000 to him. The plaintiff also claims that, in the years following, his father demanded the return of the $5,000 from the defendant, but his demand proved futile.
At trial, the plaintiff submitted into evidence a document (plaintiff’s exhibit 1) given to him by his father, ostensibly showing that the defendant had acknowledged and received the plaintiff’s $5,000 gift. The document, dated July 25, 2006, is a bank confirmation statement of deposits that were made into the plaintiff’s college fund. The top of the document contains a handwritten statement which reads, “I owe Jordan $190.00 + $5,000 from Baba.”
*965 On cross-examination the defendant testified to the following concerning the handwritten statement:
“Q. Right, you don’t recall writing it, but it could be your handwriting, am I correct?
“A. It could be. It could be me. I don’t see myself writing this, that’s all.”
The defendant denied receiving a $5,000 gift from her mother for the plaintiff’s benefit.
The plaintiff testified that he was familiar with his mother’s handwriting because of the amount of time they spent living together, and the number of times he had seen her make numerous other writings.
The grandmother, Rachel Steinfeld, testified that she is often referred to by her family as “Baba.” She also testified that she neither gave a $5,000 gift directly to the plaintiff, nor did she give the defendant $5,000 to hold for plaintiff’s benefit. However, the grandmother admitted to giving $5,000 gifts, in either cash or check form, to the plaintiff’s siblings for their Bar and Bat Mitzvahs.
Conclusions of Law
The elements necessary to establish an inter vivos gift are: (1) donative intent to make an irrevocable transfer of ownership; (2) actual physical or constructive delivery of the property; and (3) acceptance of the gift by the donee. (Gruen v Gruen, 68 NY2d 48 [1986].) The third element may be presumed where, as here, the gift in question is of significant value. (Anagnostou v Stifel, 168 AD2d 256 [1st Dept 1990].) The plaintiff bears the burden of proving each element of the alleged $5,000 gift by “clear and convincing evidence.” (Matter of MacGregor, 119 AD2d 909 [3d Dept 1986]; Matter of Brion, 37 Misc 3d 1218[A], 2012 NY Slip Op 52076[U] [Sur Ct, Kings County 2012] [evidence of donative intent must be clear and convincing].)
To satisfy the first element of a valid inter vivos gift, there must be “both a coupling of an absolute and unequivocal intention by the donor to pass title and possession to the donee, with an intention that passage of such title and possession will be done at once.” (62 NY Jur 2d, Gifts § 31.) The status or relationship between a donor and a donee may be indicative of donative intent. (Matter of Hicks, 82 Misc 2d 326 [Sur Ct, Cattaraugus County 1975].) At issue in this case is whether the plaintiff’s grandmother intended to make a $5,000 gift to the plaintiff for his Bar Mitzvah, and in fact made such a gift.
*966 The evidence clearly establishes that the plaintiffs grandmother came to the plaintiffs Bar Mitzvah with the intention of giving a $5,000 gift to the plaintiff. The grandmother gave direct testimony attesting to the fact that she went to the plaintiffs Bar Mitzvah, uninvited, with the intent to give him a gift with “all of her heart.” The plaintiff and the grandmother both stated that the grandmother had given $5,000 gifts to the plaintiffs older siblings for their Bar and Bat Mitzvahs in the past. More importantly, the document dated July 25, 2006, allegedly containing the defendant’s handwriting on a bank confirmation statement states, “I owe Jordan $190.00 + $5,000 from Baba,” and further supports that a gift was made. The plaintiff, the defendant, and the grandmother all confirmed that the family refers to her as “Baba.”
This evidence, coupled with the fact that the plaintiff and the grandmother share a family relationship, convinces the court that the grandmother came to the Bar Mitzvah with the intention of giving the plaintiff a $5,000 gift.
The evidence also demonstrates an irrevocable transfer of ownership, in that the defendant received delivery of $5,000 as agent for the plaintiff in a fiduciary capacity.
Further, the plaintiff has established by clear and convincing evidence that the plaintiff received constructive delivery of the $5,000 gift. Delivery to a donee, with intent to invest title, is of central importance in proving a gift. (Katzman v Aetna Life Ins. Co, 309 NY 197 [1955]; Matter of Szabo, 10 NY2d 94 [1961].)
Delivery may be made to someone other than the donee to accomplish a gift. (Matter of Cummings, 181 App Div 286 [3d Dept 1917].) That third party represents the donee as agent, and there is a valid delivery, even in circumstances where the donee does not have knowledge of the gift. (Barlow v Halley, 121 NYS 708 [Sup Ct, NY County 1909].)
The law of evidence makes it possible to prove a gift where an inscription or writing serves as a reference to the past. (Miller v Silverman, 247 NY 447 [1928] [holding that a memorandum made by the deceased person against his interest is admissible against his estate in favor of the party seeking to establish a valid gift].) In the case at bar, the writing made by the defendant constitutes proof that the defendant received the $5,000 for which she is liable. This writing constitutes a declaration against pecuniary interest. See Edith L. Fisch, Fisch on New York Evidence § 898 (2d ed), where the *967 following is written: “Declarations against pecuniary interest are of two types: those creating or admitting an indebtedness or liability, such as statements that money is owed, or an acknowledgment by an agent or trustee of receipt of money on behalf of his principal” (footnotes omitted).
In the case of Matter of Gilligan (157 NYS2d 740 [Sur Ct, Kings County 1956]), the court held that IOU slips in the decedent’s handwriting constituted admissions of debts being valid. Applying this holding to the writing made by the defendant in the case at bar proves that the defendant admitted her indebtedness to the plaintiff.
Exhibit 1, the writing made by the defendant admitting to owing the $5,000, was properly admitted into evidence based upon the plaintiff’s familiarity with the defendant’s handwriting. (Matter of Collins v Wyman, 38 AD2d 600 [2d Dept 1971]; Ely v Stone, 173 Misc 117 [Sup Ct, NY County 1940]; Edith L. Fisch, Fisch on New York Evidence § 371 [2d ed].)
Here, there was valid delivery of the $5,000 gift made to the plaintiff. The defendant was acting as agent for the plaintiff when she retained the gift. Moreover, the handwriting on the plaintiff’s banking confirmation statement proves that the defendant received the $5,000 gift as fiduciary-agent for the plaintiff. Therefore, this writing constitutes a declaration against interest of defendant’s indebtedness.
In order to establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership “or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff’s rights.” (National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 920 [2d Dept 2012].)
An agent who exercises dominion or control over the property “of his or her principal beyond the extent of the agent’s authority, with the intent to use or dispose of it so as to alter its condition or interfere with the owner’s dominion, is guilty of conversion.” (2A NY Jur 2d, Agency § 245; Rollin v Grand Stores Fixtures Co., Inc., 137 Misc 888 [Sup Ct, NY County 1930] [holding that an escrow agent who wrongfully placed property in escrow violated the agreement with the plaintiff; therefore, defendant could be held liable for conversion].) Fundamental to an agent-principal relationship is that an agent owes a duty of loyalty to his or her principal, and is “prohibited from acting in any manner inconsistent with his *968 agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.” (Western Elec. Co. v Brenner, 41 NY2d 291, 295 [1977]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001].)
Thus, plaintiff is entitled to recover based upon conversion because the defendant has failed to pay plaintiff the $5,000 to which he is entitled.
The plaintiff also asserts a second cause of action, for unjust enrichment. The elements necessary to establish a cause of action for unjust enrichment are: (1) the other party was enriched; (2) at that party’s expense; and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. (Delaware County v Leatherstocking Healthcare, LLC, 110 AD3d 1211 [3d Dept 2013].)
In the instant case, the evidence demonstrates that the defendant would be unjustly enriched if permitted to retain the $5,000 gift. Therefore, the plaintiff is permitted recovery on the cause of action.
Based upon the foregoing, the plaintiff is entitled to judgment against the defendant for $5,000, which the defendant held for plaintiff’s benefit and continues to hold, in violation of her fiduciary duty. Recovery is permitted based upon conversion or unjust enrichment.
Accordingly, judgment after trial is for the plaintiff and against the defendant, in the amount of $5,000.